# Illinois Central Railroad Co. *v.* Johnson.

(April Term, 1864.)

1. An APPEAL *may be prayed* at any time during the term at which· the judgment appealed from was rendered.

2. CORPORATE SEAL. An appeal bond copied into the record, purported to be executed by the Illinois Central Railroad company, by an attorney in fact, with a scrawl attached; it was held, on a motion to dismiss for want of the corporate seal, that the court did not know, judicially, that the company had a seal, other than the scrawl, such as appeared in the record.

3. APPEAL BOND—*executed by attorney in fact—presumption as to his authority.* Where an appeal bond, purporting to have been executed by an attorney in fact, was approved by the Circuit Court, it will be presumed that there was before that court sufficient evidence of the authority of the attorney to execute the bond in behalf of his principal.

· 4. COPY OF A CORPORATE SEAL—*cannot be a fac simile.* In copying into the transcript of a record an appeal·bond purporting to have been executed by a corporation, the corporate seal, if.·attached thereto, may be represented by a scrawl; a *fac simile* of the seal or device cannot be made in the copy.

5. APPEAL BOND—*approval thereof..* Where the court below, in granting an appeal, prescribes the penalty in which the bond shall be given, within what time it shall be filed, and the name of the security, and these requirements are complied with, the bond requires no further approval; and if the clerk should add his approval, such unnecessary act would not vitiate the bond.

THIS was an appeal from the Circuit Court of McLean county.

The judgment from which this appeal was taken was rendered at the December Term, 1862, of the Circuit Court, and during the same term, but on a day subsequent to the entering of the judgment, the railroad company prayed their appeal, which was granted, and the company allowed thirty days in which to file an appeal bond, in the penalty of double the amount of the judgment, with Asahel Gridley as security.

Within the time prescribed, the company filed an appeal bond in the penalty required, with Gridley as security. The bond, as it appears in the record, is executed by the company in the following manner:

"The Illinois Central Railroad Company,     [SEAL.]
    by J. M. Douglas, Atty. in fact,"

to which is added the following statement by the clerk:

"Taken and entered into before me, and approved this 17th day of January, A. D. 1863.

                    "LUMAN BURR, *Clerk.*"

At the present term, Mr. ELLIOTT ANTHONY, on behalf of the appellee, moved the court to dismiss the appeal, upon the grounds:

1. That the record does not show the appeal to have been prayed at the time of the rendition of the judgment, as required by section forty-seven of the practice act (Rev. Stat. 1845, p. 420); and,

2. That the appeal bond was not executed by the railroad company at all, but by a person who signs himself "attorney in fact," under his own private seal; insisting that the corporation can act only by their corporate seal. 2 Bl. Com. 206; Angel & Ames on Corp. 185; 1 Kyd on Corp. 268; 2 Kent's Com. 224; *Kinzie* v. *Trustees of Chicago*, 2 Scam. 187; *Stinchfield* v. *Little*, 1 Greenlf. (Maine) 234.

3. The appeal bond was approved by the clerk, without authority, and contrary to section two of the act of 1859. Acts 1859. 133.

Mr. GEO. C. CAMPBELL, for the appellant, opposed the motion.

Per CURIAM: The appeal was prayed during the term at which the judgment appealed from was rendered, and that was in good time. *Balance* v. *Frisby*, 1 Scam. 595; *McMillen* v. *Bethold*, decided at this term, *ante* p. 34.

The second ground for the motion is also untenable. This court does not know, judicially, that the railroad company has a seal, other than a scrawl, such as appears in this record, and which purports to be a seal.

Moreover, this is a copy of the original bond, and the clerk could not make a *fac simile* of a corporate seal or device which might have been, and, for ought that appears, was, attached to the original bond. We will presume, until the contrary is alleged, that there was before the Circuit Court satisfactory evidence that the attorney had sufficient authority to execute the bond in behalf of the company.

There is no force in the objection that the clerk approved the bond upon its being filed. The court had determined the penalty in which the bond should be given, within what time it should be filed, and named the security; these requirements being complied with, the bond required no further approval. The fact that the clerk, in approving the bond, did that which was unnecessary, and which he had no authority to do, surely cannot vitiate the instrument. The motion to dismiss the appeal will be denied.

*Motion denied.*