## SILVER *v.* LADD.

1. Where a title under a settlement certificate issued under an act of Congress is set up by a party in the highest court of a State, and the decision of such court is against the title so set up, a writ of error lies from this court under the twenty-fifth section of the Judiciary Act.
2. Approval by the judge of a bond for prosecution of a writ of error may be inferred from the facts of the transaction. And where the record showed that the bond had been duly executed, that the sureties had been sworn to their sufficiency by the judge who signed the citation, and that all was done on the same day: *Held,* that it might be inferred that the bond was approved by the judge.

THIS cause came before the court on a motion by *Mr. Lander,* to dismiss writ of error to the Supreme Court of Oregon.

The CHIEF JUSTICE delivered the opinion.

The record shows a suit in equity to quiet title to a certain tract of land, which belonged to the complainant's intestate, against the alleged inequitable claims of the defendants.

The complainant claimed title under a settlement certificate issued under the act of Congress of September 27th, 1850, relating to donations to settlers upon the public lands, and the decision of the court was against the title claimed under the authority of that act. There is no doubt, therefore, that the complainant was entitled to his writ of error to bring the judgment of the State court under the review of this court.

Another ground of dismissal more relied upon was, that the bond for prosecution was not taken as required by law. It appears from the record that the writ of error was duly issued; that a bond for prosecution of the writ was executed; that the sureties made oath to their sufficiency before E. D. Shattuck, chief justice of Oregon; that the citation in error was signed by the same judge; and that all these things were done on the same day, namely, the 8th of October, 1866. The law requires that the judge signing the citation shall take good and sufficient security. This, doubtless, is equiva-

lent to a provision that the judge shall approve the bond But no particular form of approval is required. Approval may be inferred from the facts of the transaction. And we think it a fair, and, indeed, almost necessary inference, from the fact of the sureties being sworn to their sufficiency by the judge who signed the citation, that the security was taken by him as required by law.

MOTION DENIED.

Mr. Justice CLIFFORD: I dissent from the views expressed by the court in the second ground assumed in favor of dismissing the writ of error.