J. A. SMITH v. THE NESCATUNGA TOWN COMPANY, *et al.*

1. APPEAL — *Technical Defect — Valid Undertaking.* In an appeal from a judgment rendered by a justice of the peace of Comanche county, which was then unorganized and attached to Barber county for judicial purposes, the justice was referred to in the appeal bond as an officer of Comanche county, instead of being designated as an officer of Comanche township in Barber county. *Held,* That the technical defect did not prejudice anyone, nor invalidate the undertaking.

2. APPEAL — *No Ground for Dismissal.* The mere failure of the sureties upon an appeal bond to make affidavit of their qualifications, where it does not appear that the sureties are insufficient, is not an adequate ground for a dismissal of the appeal.

*Error from Barber District Court.*

THE opinion states the case.

*J. A. Smith,* plaintiff in error, for himself.

*Ellis & Ellis,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: J. A. Smith brought an action against the defendants in error before a justice of the peace of Comanche county, which was then unorganized and attached to Barber county for judicial purposes, and thereby, for the time being, became and was a municipal township of Barber county. On the 14th day of March, 1885, he recovered a judgment against the town company for the sum of $300. On the 17th day of

March, 1885, the following appeal bond was filed and approved:

"IN JUSTICE'S COURT, BEFORE H. CHAPMAN, JUSTICE OF THE PEACE OF COMANCHE COUNTY, KANSAS.— *J. A. Smith, Plaintiff, v. The Nescatunga Town Company.*—Whereas the defendant, The Nescatunga Town Company, intends to appeal from a judgment rendered against it in favor of the plaintiff, J. A. Smith, on the 14th day of March, 1885, by the justice of the peace of said county, now we, the undersigned residents of said county, bind ourselves to said plaintiff in the sum of $800, that said defendants shall prosecute this appeal to effect, and without unnecessary delay, and satisfy such judgment and costs as may be rendered against it therein.

J. E. TINCHER.	H. N. CUNNINGHAM.
J. W. McWILLIAMS.	C. L. DUNN.

"Approved by me, this 17th day of March, 1885.

H. CHAPMAN, J. P."

The cause was transferred to the district court of Barber county, and at the May term, 1885, the plaintiff moved to dismiss the appeal, alleging that the bond was insufficient.

The first objection is that in the heading of the bond, the justice of the peace is designated as an officer of Comanche county, Kansas, instead of Comanche township in Barber county. The justice of the peace resided in and was an officer of Comanche county, which was then unorganized. It was at that time attached for judicial purposes to Barber county, and therefore it would have been accurate to designate him as an officer of Comanche township in Barber county. However, there was but one county of that name, and as the bond otherwise correctly described the cause and judgment, the technical error did not prejudice anybody, nor render the bond invalid. "Appeals are favored, and mere technical defects or omissions are to be disregarded as far as possible without obstructing the course of justice." (*Haas v. Lees*, 18 Kas. 454.)

The next ground of objection is that the sureties on the appeal bond have failed to justify. To support this objection, the plaintiff in error cites § 723 of the code, which makes it the duty of an officer taking an undertaking provided for by

the code and other statutes, to require the person offered as surety to make an affidavit of his qualifications. This provision is merely directory to the officer taking the security, and his failure to perform the duty will not invalidate the undertaking. It does not appear but that the sureties upon the bond are amply sufficient, and a mere failure to justify cannot be held a sufficient ground for a dismissal of the appeal. (*St. L. L. & D. Rld. Co. v. Wilder*, 17 Kas. 239.)

The judgment of the district court will be affirmed.

All the Justices concurring.