### EDWARD MULLER v. JAKE HUMPHREYS.

(No. 3197.)

ERROR from Tarrant County.   Opinion by WHITE, P. J.

B. G. JOHNSON, counsel for appellant.

No counsel appeared for appellee.

§ 10. *Appeal bond; failure of justice to mark filed and his approval thereon does not invalidate; may be so marked nunc pro tunc in county court on appeal; transcript; filing of, etc.*   September 11, 1888, defendant in error recovered a judgment in the justice's court of Tarrant county against plaintiff in error for the sum of $60 and costs, and the defendant appealed therefrom to the county court.   The next term of the county court after the rendition of said judgment commenced on the first Monday in November, 1888, by which day the transcript on said appeal should have been filed in the county court, according to the statute, and continued until January 5, 1889.   The transcript was filed December 12, 1888, during said term of the court.   In the county court defendant in error, plaintiff below, moved to dismiss the appeal: 1. Because the transcript was not filed in the county court on or by the first day of the next term of the county court after said judgment was rendered.   2. Because the appeal bond does not bear the file mark of the justice of the peace.   3. Because said appeal bond does not appear to have been approved in writing by said justice of the peace.   In answer to said motion, plaintiff in error filed an affidavit showing that his counsel filed the appeal bond with the justice within ten days after the rendition of the judgment, and directed

said justice to send up the transcript at once, and that said justice accepted said bond, promised to mark it "filed and approved," and to send up the transcript at once, and that the justice had neglected to place his file mark and his mark of approval on said bond, and neglected to send up the transcript until after the term had commenced. The answer was not controverted. It also prayed the court to allow the justice to place his file mark and mark of approval on the appeal bond, *nunc pro tunc*, which prayer was denied, and the court sustained the motion to quash the appeal bond, and entered judgment dismissing the appeal, to which plaintiff in error excepted and gave notice of appeal. Within thirty days after the dismissal of said appeal, plaintiff in error filed his petition for writ of error, together with his *supersedeas* writ of error bond, issued citation in error and had the same properly executed. *Held:* The court erred in quashing the appeal bond and dismissing the appeal. It appears from the affidavit, in answer to the motion to quash said bond, that the counsel of plaintiff filed the appeal bond with the justice within ten days after the rendition of the judgment, and the justice omitted to place his approval and file mark upon it. When appellant had delivered the bond to the justice within ten days, he had done all that the law required of him to entitle him to his appeal. The fact that the justice failed to indorse his approval upon it did not invalidate the bond. If said bond had been in possession, either actual or constructive, of said justice, its validity would not have been affected, although it was not marked filed until after the expiration of said time. The justice should have been permitted to file the bond *nunc pro tunc.* [3 Civil Cas. Ct. App., §§ 94, 95, 283, 341.] It was also error to dismiss the appeal, because the transcript had not been filed in time. See this question fully discussed in 3 Civil Cas. Ct. App., § 284.

October 26, 1889.    Reversed and remanded.