INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY ET AL. v. J. G. TAYLOR ET AL.

Decided October 26, 1910.

**1.—Writ of Error—Approval of Bond.**

The approval of an appeal or writ of error bond may be made to appear otherwise than by a written endorsement to that effect, and it may be inferred

from the action of the clerk, or deputy, in filing the bond and issuing citation in error upon it.

**2.—Same—Case Stated.**

In the absence of the clerk of the court, his deputy received and filed a writ of error bond and issued citation thereon before the expiration of one year from the date of the judgment. The clerk indorsed the bond as approved after the year had expired. His affidavit presented to the appellate court showed that he had not himself approved the bond or fixed the probable amount of costs before such date. Held, on motion to dismiss writ of error, that it must be presumed, in the absence of a contrary showing, that the deputy clerk accepted the bond as sufficient, and the motion should be overruled.

Error from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*Tom Connally,* for motion to dismiss.

*King & Morris* and *Baker & Baker,* contra.

### ON MOTION TO DISMISS WRIT OF ERROR.

KEY, CHIEF JUSTICE.—The judgment of the trial court was rendered on the 11th day of March, 1909. On the 3rd day of March, 1910, the defendants, who were cast in the suit, filed with the deputy clerk of the court below a petition for a writ of error, and on the same day filed a writ of error bond. On the following day citations in error were issued, and one was served on March 8, 1910, and the other on March 14, 1910, on the other defendant. The clerk of the court below was absent from his office at the time the petition and bond for writ of error were filed, and his office was in charge of his deputy, who issued the citations in error. No written approval was endorsed upon the writ of error bond until the 30th day of April, 1910, when the clerk made this endorsement upon it: "Approved this third day of March, 1910. R. W. Phillips, Clerk of the County Court, Falls Co., Texas." That fact is made to appear by the affidavit of Mr. Phillips himself, in which he also states that he had not previously approved the bond nor had he, previous to April 30, 1910, fixed the amount of costs.

On this state of facts defendants in error predicate a motion to dismiss the writ of error. On the authority of Evans v. Pigg, 28 Texas, 587, and Bridges v. Cundiff, 45 Texas, 437, the motion is overruled. The cases cited hold that approval of an appeal or writ of error bond may be made to appear otherwise than by a written endorsement to that effect. It is there held that such approval may be inferred from the action of the clerk in filing or acting upon the bond. The affidavit of the clerk which accompanies the motion to dismiss merely shows that he himself had not approved the bond or fixed the probable amount of costs until the 30th day of April, 1910, which was after the time allowed for perfecting the writ of error. But it was not shown that his deputy, who was in charge of the office when the writ of error bond was filed, had not in fact accepted and approved it, although he failed to endorse his approval

upon it. The law did not authorize the issuance of citations in error until plaintiffs in error had filed a satisfactory bond. The bond was dated and filed before the citations were issued; and therefore, in the absence of any showing to the contrary, it must be presumed that the deputy clerk accepted the bond as sufficient, and, through oversight, failed to endorse his approval upon it.

In overruling the motion to dismiss we do not wish to be understood as approving the action of the county clerk in antedating the approval endorsed by him upon the bond.

*Motion overruled.*