MAY KAYNOR, Appellant, v. THE CITY OF CEDAR FALLS,
H. JACOB PFEIFFER, J. E. THOMAS, MICHAEL
BURKE, H. W. LARSEN, J. W. WILIMEK, SHEPHERD
PHILPOT, M. F. AREY, C. M. OVERMAN, CEDAR FALLS
CEMENT COMPANY and C. H. WISE.

**Municipal corporations:** CONSTRUCTION OF WALKS: GRADE. The
1 statute providing that a permanent sidewalk shall not be built
until the bed of the walk has been graded does not require
that the bed of the walk shall be precisely at grade; it may be
desirable that the top of the walk when completed shall be some-
what higher than the established grade, for drainage or other
reasons. So that specifications for a walk providing that the
city should make the excavation necessary to bring the street to
grade, the contractor to make such excavations as would be dis-
placed by the walk, were in accordance with the statute.

**Same:** ASSESSMENTS FOR CROSS WALKS: INJUNCTION. The statutes
2 do not authorize an assessment for cross walks against corner
or other lots; so that an ordinance requiring the owners of
corner lots to construct their walks in front of their property
through to the curb line, was to that extent void and the attempt
to force property owners to construct the walk between the lot
line and the curb line in the manner considered, constituted a
fraud on such owners.

*Appeal from Black Hawk District Court.*—HON. FRANK-
LIN C. PLATT, Judge.

TUESDAY, APRIL 9, 1912.

ACTION to enjoin the levy, as a specific assessment,
of the cost of constructing a sidewalk against plaintiff's
lot. On hearing the petition was dismissed. The plaintiff
appeals.—*Reversed.*

*Hemenway & Martin,* for appellant.

*J. B. Newman,* for appellees.

LADD, J.—The plaintiff is owner of lot 4 in block 14 of the original plat of the town of Cedar Falls, situated at the corner of Clay and Fifth streets, and on May 11, 1909, the council of defendant city adopted a resolution that a permanent sidewalk five feet wide be made on the north side of Fifth street along said lot, to be constructed of cement, and that, unless built within thirty days, the city would cause the same to be constructed and assess the expense against the lot. Of this, the plaintiff was duly notified, and through her attorneys requested that the proper grade be established. The mayor responded: "Will give you grade any time your contractor is ready for permanent walk, lot 4, block 14." On June 19th following, the street committee of the city council advertised for the bids for the construction of 4,530 squares of permanent cement sidewalk on six different streets, including Fifth street between Clay and Olive streets, but not particularly describing that to be put in along plaintiff's lot. The Cedar Falls Cement Company obtained the contract, and, though duly notified that plaintiff would resist any attempt to assess the cost of constructing a sidewalk along the lot, proceeded to put in the same according to specifications.

The city council was about to assess the cost against plaintiff's lot, when this action to enjoin that body from so doing was begun. The petition alleged the foregoing facts, and "(5) that, by provision of ordinances and resolutions of the city council of the city of Cedar Falls, no person is authorized or permitted to construct such cement sidewalks in the limits of said city of Cedar Falls, except they have therefor obtained a license to make such constructions, for which a certain fee is demanded and a bond required, conditioned that such licensee will, in the prosecution of his work, observe all the regulations and

rules, relating to the same, made and adopted by the city council, and such directions as may be given him by the city engineer; (6) that the curb line, as established by the ordinances of the city upon Fifth street, is ten feet from the lot line and three feet and eight inches from the outer line of the sidewalk as ordered to be constructed, and on Clay street the curb line is sixteen feet from the lot line and nine feet eight inches from the outer edge of the walk as ordered to be constructed; (7) that the council and executive officers of the city have heretofore insisted that, in the construction of a sidewalk in front of corner lots similarly situated as plaintiff's lot, the owners thereof should build the crosswalk from the corner of said lot to the curb line, and, in order to compel the owners of like property to build a walk in front of their property, the city council has passed a resolution, and enforced the same, making direction and regulation in such respect, forbidding the engineer employed by the city, whose duty it is to define and lay out the grades, to establish and point out grades, unless such owners shall agree to construct and pay for the crosswalk, as above described."

The answer admitted these paragraphs of the petition and also admitted "that the officers of said city have insisted that, in the construction of sidewalks in front of corner lots, the owners should build the walk from the corner of said lot to the curb line, and, in order to compel the owners of such property to build a walk in front of their property, the city council has passed a resolution, and enforced the same, making direction and regulation in such respect, forbidding the engineer employed by the city to establish and point out grades, unless such owners shall agree to construct and pay for the walk, as above described."

By ordinance No. 221, "owners of corner lots are required to construct and continue sidewalk at the radius up to the established curb lines of the street." Section 4

of Ordinance 31 authorized the council, by resolution, to order the construction of sidewalks: and section 9 thereof provided that, "if the owner or owners of any lot or lots or part of any lot abutting on said contemplated improvements shall refuse, fail, or neglect to have any sidewalk done by the time limited by the order of the city council, it shall be the duty of the street committee to procure the same to be done, at the expense of the owner, with or without contract as they may deem best."

Numerous objections are raised against these proceedings; but all of these, save such as may be regarded as jurisdictional, were waived, unless fraud was shown; for that such objections were not filed with the city clerk. Section 791-a Code Supplement. This disposes of all but two objections.

I. Under Ordinance No. 31, the city was not authorized to construct the walk, unless the owner "refused, failed or neglected" to do so, and neither might lay a permanent walk until the "bed of the same shall have

1. MUNICIPAL CORPORATIONS: construction of walks: grade.

been graded so that, when complete, such sidewalks will be at the established grades." Section 779, Code Supplement. See *Burget v. Town of Greenfield*, 120 Iowa, 432; *Gallaher v. City of Jefferson*, 125 Iowa, 324; *Bowman v. City of Waverly*, 155 Iowa, 745. The evidence disclosed that the street, from line to line, had been brought to the grade as established by an ordinance of the city; but the earth where the sidewalk was to be constructed had not been removed, so that the top thereof, when laid, would conform to such grade. The specifications provided that "the city will make the excavation necessary to bring the street to grade and the contractor shall make such excavations as shall be displaced by a sidewalk proper and the specified foundation," and under the contract between the city and the contractor the latter undertook to comply with these requirements. We regard this as a correct construction of the statute.

It is not likely that the Legislature intended that the top of all permanent sidewalks conform precisely with the established grade. The statute does not so state, and the universal custom is to the contrary. The manifest purpose is that the earth where the sidewalk is to be laid—the proposed bed thereof—be first brought to grade before the municipality may order the construction of the walk. While the walk must conform to the grade, this does not mean that the top of the walk shall be precisely at grade. The city may conclude that it will be better in the matter of convenience, drainage, and protection against general travel that it be constructed in conformity with, but somewhat higher than, the grade of the street; and there is nothing in the statute to the contrary. When the earth has been brought to the established grade, the removal of any earth essential to its proper construction is merely incidental to the laying of the sidewalk, and may be regarded as so connected therewith that it may be deemed a part of such construction. The statute was complied with in this respect.

II. Objections are not to be deemed waived where fraud is shown. Section 791-a, Code Supplement. The petition does not allege in so many words that the defend-

2. SAME: assessment for cross walks: injunction.

ants, in the procedure adopted, were guilty of fraud; but the facts recited in the petition and admitted in the answer clearly establish this charge. Section 779, Code Supplement, confers power on the city to assess the costs of the construction of permanent sidewalks on the lots or parcels of land in front of which the same shall be constructed. This does not mean that it may also assess the cost of crosswalks against the corner or other lots. As seen from the recital of facts, the city, by ordinance, required the owners of corner lots to continue the sidewalks in front of their lots to the curb line. If this might be done, then there is no reason why the corner lot owners might not be com-

pelled to construct the walk entirely across the street. The power to assess the cost of any portion of the crosswalk is not conferred upon the city or town, and therefore this portion of the ordinance was void, and it seems to have been so understood by the defendants; for, before a contractor was permitted to construct walks, he was required to obtain a license and give bond, conditioned that, in the prosecution of his work, he would observe all the rules and regulations adopted by the city council, and such directions as might be given by the city engineer, among which was that he would not construct a walk, unless he did so to the curb line. The engineer of the city was forbidden by the city council from performing the duty of defining and laying out grades, unless the owner should agree to construct and pay for the crosswalks described. The officers of the city, in order to compel owners of property to build crosswalks, passed a resolution, and enforced the same, forbidding the engineer of the city to establish or point out grades, unless the owner shall agree to construct and pay for such crosswalks.

It is not merely a case of a void ordinance, but of an attempt on the part of city officers to compel obedience thereto, and extort the payment of money, without the semblance of authority for so doing. That such a course amounted to a fraud is a proposition too clear to require argument, and because thereof the court should have enjoined the levy of the assessment against plaintiff's lot.—*Reversed.*