LEACH *et al.* v. ALTUS STATE BANK.

No. 6216.   Opinion Filed February 29, 1916.

(155 Pac. 875.)

1.   APPEAL AND ERROR—Undertaking—Indorsement of Approval —Directory Statute.   The provisions of section 5254, Rev. Laws 1910, which require that the clerk shall indorse his approval upon any undertaking taken by him under said section, are directory.

2.   SAME—Supersedeas Bond—Liability of Sureties—Defense—Indorsement of Approval.   Where a supersedeas bond is filed by the clerk of the court and recorded in the proper journal of the court, and the appeal is duly had and execution stayed thereon, the sureties upon said appeal bond cannot escape liability for the reason that the clerk of the court failed to indorse his approval upon said bond.

3.   PLEADING—Failure to File Reply—Objection—Waiver.   Where an answer is filed pleading payment, to which no reply is made, and the parties enter into the trial and introduce all their evidence,

and at the conclusion of the evidence for the first time raise the question, the trial court was correct in regarding the failure to file a reply as waived and treating the allegations of the plea of payment as denied.

(Syllabus by Hooker, C.)

*Error from County Court, Jackson County;*
*J. M. Williams, Judge.*

Action by the Altus State Bank, a corporation, against A. E. Leach and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*S. B. Garrett,* for plaintiffs in error.

*P. K. Morrill,* for defendant in error.

Opinion by HOOKER, C. On the 21st day of February, 1913, the defendant in error filed its petition in the county court of Jackson county, which alleged that on or about the 24th day of April, 1909, judgment was rendered in the county court of Jackson county in favor of the bank and against one William Mitchell, for the sum of $300, with interest at 12 per cent. and costs, and that on the 13th day of May, 1909, the said William Mitchell appealed said cause to the Supreme Court of this state, and that A. E. Leach and E. E. Russell made, executed, and filed with the clerk of said court a supersedeas bond, which bond is set forth in the petition in this case and which appears to have been sworn to and approved before one W. L. Hankins, as special judge, on the 13th day of May, 1909; and it is further alleged that on or about the 1st day of June, 1912, the judgment thus appealed from was in the Supreme Court of the State of Oklahoma in all things affirmed and approved; that about that time said judgment became final; that neither the said William Mitchell, A. E. Leach, nor the said E. E. Russell, nor either or any of them, have paid said judgment or any

part thereof, though. demanded so to do, and that execution has been issued upon said judgment, but the same has been returned "no property found," and attached to this petition is a copy of the bond sued upon. On the 10th day of March, 1913, the plaintiffs in error filed a motion to make the petition more definite and certain by requiring the bank to set out the judgment alleged to have been obtained in its favor against the said William Mitchell, which motion was by the court overruled, and thereafter an answer was filed which was a general denial and a special plea that the bond sued upon had never been approved by the judge of the court or the clerk, and that no liability accrued to them by virtue thereof, and a further plea of payment was made.

From an examination of the evidence in this case, it appears that on January 7, 1909, the bank instituted suit against William Mitchell and R. L. James, in the county court of Jackson county, which was afterwards reduced to a judgment. By reference to the appearance docket in said action, it is seen that the journal entry was filed on May 1st, and on the 15th day of May a supersedeas bond was filed as appears from the records of the clerk, which was recorded in volume 2, p. 71, and it appears from the evidence that the record of its recording was made after the instrument had been recorded and after the bond was filed in the office of the clerk of the county court of Jackson county, and it further appears that a recording charge was made in said cause as of May 19, 1909. This case was appealed to the Supreme Court of this state and was affirmed by this court.

It further appears that the case of the bank against Mitchell and James was tried by one W. L. Hankins, as a special judge, on account of the disqualification of the

regular judge of Jackson county, and after the trial of said cause, and after the motion for new trial had been passed upon and time had been given for the defendants below in said action to appeal said cause, that is, to make a case-made and to serve the same and to supersede, the defendant William Mitchell made a supersedeas bond for the purpose of appealing said cause to this court, which bond was presented to the special judge and approved by him, and the same was filed in the office of the clerk of the county court of Jackson county, as appears from the appearance docket above quoted. The bond itself was misplaced, and the only evidence of its execution as shown by this record was the recorded instrument in volume 2, p. 71, the proper place for bonds to be recorded, and the clerk's minutes showing the filing of said supersedeas bond in said action.

There is no doubt but that the instrument recorded and shown to have been filed by the clerk's minutes is the same instrument as the one sued upon in this case; but the main contention of the plaintiffs in error is that the record does not show that the judge of the county court, or the clerk of the county court, ever approved said bond for the purpose of superseding this case, and that no cause of action can accrue thereon or no liability arise as to the plaintiffs in error until the bond has been approved by the judge or the clerk of the court, and it is further contended that the approval of the special judge was a nullity, in that, after he had tried said cause and made an order extending the time for filing the case-made, his powers as a special judge ceased.

It is unnecessary, under our view of the law in this case, to pass upon the question as to whether the special judge would have the authority to approve said case-made;

for it is apparent from the record before us that the bond executed by the plaintiffs in error in behalf of William Mitchell, in order that he might appeal said cause to the Supreme Court of this state and stay execution, was presented to the clerk of the county court and was filed by the clerk in the proper place where similar bonds were kept, and, inasmuch as William Mitchell did secure all of the relief which the execution of the bond entitled him to receive and did appeal said cause and stay execution by virtue thereof, we are of the opinion that the plaintiffs in error are not in a position to complain or to deny liability for the reason that neither the judge of the court nor the clerk indorsed his approval upon said bond. In other words, we regard this provision of the statute as directory, and not mandatory.

We are further of the opinion that the petition stated a cause of action, and that the motion made by the plaintiffs in error to make more definite and certain was properly overruled.

In support of our contention upon these two questions, we desire to cite *Ryndak v. Seawell*, 23 Okla. 759, 102 Pac. 125:

"Plaintiffs in error, defendants below, demurred to the petition of defendant in error, which was overruled. They thereupon filed their separate answers, in which they admit the recovery of the judgment as alleged in plaintiff's petition and its affirmance by the Supreme Court of the territory and that said judgment had not been satisfied; but they deny liability upon the supersedeas bond, and allege that such bond is invalid and unenforceable because of defects in the form thereof, and because of the failure of the sureties to qualify upon such bond, and because of the failure of the clerk of the district court to indorse his approval upon the bond at the time it was filed.

A certified copy of the supersedeas bond upon which the action was brought was attached to the petition of defendant in error in the trial court as an exhibit. The propositions which plaintiffs in error now present to us for review were saved by them in the trial court by demurrer to the petition and objection to the introduction of the testimony on the ground that the petition failed to state a cause of action and by a motion for a new trial, in which one of the grounds was that the judgment is contrary to the law and the evidence. The supersedeas bond upon which the action is brought, omitting the caption, is, in part, as follows: 'Know all men by these presents that we, Felix J. Ryndak, as principal, and F. M. Cox and Wm. Flaxman, as sureties, are held and firmly bound unto Wyley P. Seawell, the above-named plaintiff, in the sum of two thousand twenty-seven and seventy-two hundredths dollars ($2,027.72) for the payment of which well and truly to be made, we hereby bind our heirs and personal representatives firmly by these presents.' The other portions of the bond which we omit describe the judgment from which the appeal was taken and recite the conditions of the bond.

"It will be noticed that the language of the bond does not recite that the parties executing the bond bind 'themselves,' but recites only that they bind their heirs and personal representatives, the word 'ourselves' being omitted entirely, and for this omission in the bond it is contended by plaintiffs in error that no liability or obligation is imposed upon plaintiffs in error Cox and Flaxman, as sureties thereon. This contention is without merit. Section 4744, Wilson's Rev. & Ann. St. 1903, provides for superseding judgment of the class superseded by the bond in question. This section of the statute does not undertake to prescribe the form of the bond, nor its contents, further than that plaintiff in error shall execute a written undertaking in double the amount of the judgment or order to the effect that he will pay the condemnation money and costs in case the judgment or final order ap-

pealed from shall be affirmed in whole or in part. Plaintiffs in error, in the case at bar, by the terms of the bond, acknowledge themselves held and firmly bound unto the defendant in error in the sum of $2,027.72. The failure to insert the word 'ourselves' after the word 'bind' is not fatal to this obligation. Bonds, like contracts, are to be construed, if possible, that they may have effect and to the end that the purposes and the intention of the parties executing the contract may be promoted, rather than defeated. *Wood v. Coman*, 56 Ala. 283, is a case directly in point, which holds contrary to the contention of plaintiffs in error, and the rule therein announced is sound. See, also, *Rose v. Winn*, 51 Tex. 545, wherein the court said: 'In regard to ordinary bonds, when the intention is manifest from the instrument itself, the court will transpose or reject insensible words and supply an accidental omission in order to give effect to that intention.

"Section 4747, Wilson's Rev. & Ann. St. 1903, provides that the execution of a supersedeas bond and the sufficiency of the sureties must be approved by the court in which the judgment was rendered, or by the clerk thereof, and that the clerk shall indorse said approval signed by himself upon the undertaking and file the same in his office for the defendant in error. The bond in this action was filed in the office of the clerk of the district court shortly after the judgment from which the appeal was taken was rendered and was accepted by the clerk, who entered upon his appearance docket a notation of the filing of the bond and of his approval thereof; but the clerk failed to indorse his approval upon the bond until after the affirmance of the judgment by the Supreme Court of the Territory, and also failed to qualify the sureties on the bond. After affirmance of the judgment by the Supreme Court, the clerk indorsed his approval upon the bond as of the date on which it was filed in his office and accepted by him. It is urged that the failure of the clerk to qualify the sureties and attach to the bond their affidavits of qualifications and his failure to indorse upon the bond his approval are each fatal to the validity of the

bond. Section 4747, *supra,* does not require that persons offered as sureties on supersedeas bond shall make an affidavit of their qualifications; but section 4919, Wilson's Rev. & Ann. St. 1903, provides that any ministerial officer, whose duty it is to take security for any purpose provided by the Code, shall require the person offered as surety to make affidavit of his qualification, which affidavit shall be indorsed upon or attached to the undertaking. This section of our Code was section 723 of the Kansas Code, from which state it was adopted. Its provisions are merely directory to the officer taking the security, and his failure to perform the duty does not invalidate the undertaking. *St. L., L. & D. R. R. Co. v. Wilder,* 17 Kan, 239; *Smith v. Nescatunga Town Co. et al.,* 36 Kan. 758, 14 Pac. 246. Nor do we think that section 4747, in requiring that the clerk shall indorse his approval upon the bond, is mandatory. The language of the section is: 'The execution of the undertaking and the sufficiency of the sureties must be approved by the court * * * or by the clerk thereof, and the clerk shall indorse said approval signed by himself upon the undertaking and file the same in his office for the defendant in error.'

"The entry upon the bond of the approval of the clerk is but a clerical act and is the evidence of such approval, but it is not the act of approval, and the failure of the clerk to make such entry on the bond at the time it is filed, when he in fact approves it, cannot vitiate the bond. *Burdett v. Marshall,* 3 Tex. 24; *Muller v. Humphreys,* (Tex. App.) 14 S. W. 1068. The language of section 4919, requiring that the affidavits of qualifications of the sureties shall be indorsed upon or attached to the bond, is none the less mandatory than that part of section 4747 now under consideration; but the Supreme Court of Kansas has uniformly held that the language of the former section is not mandatory, but is merely directory. No good reason appears to us why the same construction should not be given to the language of section 4747 here involved. The provisions of both sections are for the

benefit of the defendant in error and to protect and preserve his rights pending the appeal, in order that, if his judgment is affirmed by the appellate court, the enforcement of the same may not be defeated by the lapse of time.

"The bond was filed on the 28th day of January, 1903, before the proceeding in error was filed in the Supreme Court, and there is no controversy that the same was on that day accepted and approved by the clerk. This fact is established by the records of his office. Plaintiff in error has had the benefit of the bond. The purposes of the bond have been accomplished. It has protected plaintiff in error Ryndak from an execution pending the appeal, and if defendant in error had, pending the appeal, undertaken to have execution issued, he would have been prevented from doing so by said bond, for if, on examination, such bond, when found filed among the records in the case, had not contained upon it the approval of the clerk, upon a showing of the plaintiff in error Ryndak that if such omission of the clerk was due to no fault of plaintiff in error, the court would have permitted a *nunc pro tunc* order directing the entry of such approval. The bond bears the following indorsements: 'Filed Jan. 28, 1903. N. E. Sisson, Clerk. Approved Jan. 28, 1903. N. E. Sisson, Clerk.' Plaintiffs in error have sought to prove by oral testimony that the second indorsement on the bond was not made on the 28th day of January, 1903, but was made after the case was affirmed in the Supreme Court. All such testimony was admitted over the objection of defendant in error. The competency of this testimony, however, has not been discussed by either party in his brief. Both parties treat the case in their brief as if it had been established by competent evidence that said entry of approval upon the bond was not made when it is purported upon the bond to have been made, but was made after the affirmance of the cause by the Supreme Court. We therefore have determined the question presented in the briefs without determining whether such evidence was

competent, and now refrain from expressing any opinion thereon.

"It is further urged by plaintiffs in error that the demurrer to petition of defendant in error should have been sustained by the trial court for the reason that he fails to allege therein that any money judgment was rendered by the appellate court. Defendant in error, in his petition, alleges the execution, filing and approval of the supersedeas bond, which is the basis of this action, and alleges the pendency of the action in which said bond was filed, and the appeal therein to the Supreme Court and the affirmance of the judgment superseded, the breach of the conditions of the bond, and the amount of the judgment affirmed. He attaches to his petition, as an exhibit thereto, a copy of the bond, and makes it a part of his petition and alleges in the petition the conditions of the bond. The judgment in the action in which the bond was filed was a personal judgment for the payment of money and for the foreclosure of a mechanic's lien, and the bond is properly conditioned, under the requirements of the first subdivision of section 4744 of Wilson's Revised and Annotated Statutes, which provides that it shall be conditioned that plaintiff in error will pay the condemnation money and costs in case the judgment shall be affirmed. When the Supreme Court affirmed the judgment of the lower court, it found the condemnation money against plaintiff in error Ryndak. It was unnecessary that the judgment of the Supreme Court should be for a specific sum of money in order to render plaintiffs in error liable upon their bond. The records of the lower court disclose the judgment against Ryndak, and an affirmance of that judgment is sufficient to fix the condemnation money as contemplated by the statute. *Maloney et al. v. Johnson-McLean Co. et al.,* 72 Neb. 340, 100 N. W. 423; *Richardson et al. v. Penny,* 9 Okla. 655, 60 Pac. 501. There being no reversible error in the record, the judgment of the trial court is affirmed."

The further contention is made here that the plaintiffs in error were entitled to a judgment for the reason that the answer in the court below contained a plea of payment to which no reply has been filed. From an examination of the record, the plaintiffs in error entered into the trial and did not call the attention of the court to that fact, nor did they do so until after the conclusion of the evidence. Then for the first time the plaintiffs in error raised the question, but the court treated the reply as filed, and evidently held that plaintiffs in error had waived the fact that no reply had been filed. In this we think the trial court is correct.

For the reasons above stated, we recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.