A. W. MANN et al., Appellees, v. CITY OF ONAWA et al., Appellants.

**MUNICIPAL CORPORATIONS:** Special Assessments—Crosswalks Non-Assessable. A permanent sidewalk, in so far as it is constructed "in front of" privately owned property, is assessable to such property; and that part of the walk which extends *farther through the street and up to the street curb* is a crosswalk, and nonassessable to private property.

Headnote 1: 28 Cyc. p. 1110.

*Appeal from Monona District Court.*—A. O. WAKEFIELD, Judge.

OCTOBER 24, 1924.

REHEARING DENIED FEBRUARY 13, 1925.

ACTION to enjoin the collection of special assessments. Decree as prayed, and defendants appeal.—*Affirmed.*

*C. E. Cooper,* for appellants.

*Prichard & Prichard,* for appellees.

STEVENS, J.—This is an action to enjoin the collection of certain special assessments laid upon the property of appellees, to defray a part of the cost of an alleged street improvement. One or more of the plaintiffs owned property in Blocks 65, 64, 76, and 77 in said city of Onawa. These blocks front upon Iowa Avenue, which is 150 feet in width, and on each side of which there is a sidewalk 20 feet in width. There is a sidewalk on each side of the above blocks, with a sod parking and a concrete curbing. The walks on each side and in front of the respective blocks were constructed to the property lines, and at each corner abutting upon Iowa Avenue there was a space 20 feet wide between the sidewalk and the curbing, which was left open when the sidewalks and parking were constructed.

Proceeding under Chapter 7, Title V, of the Code of 1897, the city council ordered the open spaces, designated in the proceedings as sidewalk sections, eight in number, paved with concrete. The special assessment laid upon the property of appellants as their proportionate share of this improvement forms the subject-matter of this controversy. Our decision must turn upon the question whether the alleged improvement is, in fact, a part of the street, within the meaning of Section 792 of the Code of 1897, which authorizes the pavement of streets and alleys of cities, or a mere extension of the sidewalk, and properly to be classified as crosswalks. If the latter, the cost of the improvement cannot be assessed against private property. *Kaynor v. City of Cedar Falls,* 156 Iowa 161.

The improvement lies wholly within the curbing, and is designed exclusively for the use of pedestrians in passing from the walk in front of the above blocks on Iowa Avenue over the streets intersecting therewith. The parking upon which the improvement abuts on Iowa Avenue lies wholly within the street. It seems to us that the spaces improved are mere extensions of the sidewalk, and therefore crosswalks, to be constructed by the city. The word "paving," as used in Section 792, refers to that portion of the streets and alleys commonly used by the

public for traffic, as well as by pedestrians, and does not refer to walks laid within the curbing, and designed for the exclusive use of pedestrians. The ordinances of the city relating to sidewalks were not attempted to be complied with. The court below permanently enjoined the collection of the assessments complained of. We think the council acted wholly without authority, and that the assessments are void, and not voidable. Appeal from the finding of the city council was not necessary.

The decree and judgment of the court below is.—*Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.