## GOODWILL OIL CO. v. ELLIOTT.

No. 14634—Opinion Filed Nov. 18, 1924.

(Syllabus.)

1. **Pleading—Failure to File Reply—Waiver.**

Where no reply to defendant's answer has been filed and the defendant fails to call the court's attention to this fact by an appropriate pleading prior to trial, the failure to file such reply will be deemed waived, and the court may treat the allegations of the answer as controverted.

2. **Appeal and Error—Discretion of Lower Court—Vacation of Default Judgment.**

An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court abused its discretion. (Olentine v. Alberty, 82 Okla. 9. 198 Pac. 296.)

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by L. P. Elliott against the Goodwill Oil Company, from an order overruling his motion to vacate and set aside the judgment, defendant appeals. Affirmed.

Simons, McKnight & Simons, for plaintiff in error.

A. G. Morrison, for defendant in error.

WARREN, J. This is an appeal from an order of the district court of Canadian county overruling a motion of the plaintiff in error to vacate and set aside a certain judgment rendered in said court on December 7, 1922.

It appears that L. P. Elliott, as plaintiff, on February 20, 1922, filed his petition against the defendant, Goodwill Oil Company, seeking judgment on a contract for $229 80. On March 21, 1922, the defendant filed its answer in said cause admitting the contract, but setting up various defenses thereto, among others that of payment. On December 7th, there was filed an unsigned reply to this answer. The filing mark shows December 8th, but the recital in the case-made shows the reply to have been filed December 7th.

This appeal is by case-made, also certified as a transcript. It appears that the case was regularly assigned for trial in the district court of Canadian county for December 7, 1922, and the case-made shows the following entry on that day:

"6218. Elliott v. Goodwill Oil Co.

"This case comes on for trial as per assignment. Plff. announces ready for trial. Defendant appearing not. One witness sworn & testimony heard. Court renders judgment for Plff. as per J. E."

On the trial the defendant failed to appear, one witness was examined to sustain the allegations of the petition, and no defense being interposed or witness introduced to prove the allegations of the answer, judgment was rendered for the plaintiff for the amount proven. On December 19, 1922, the defendant filed a motion to set aside the judgment and grant a new trial, alleging accident and surprise; that the judgment was contrary to the law and evidence; that a jury was not waived; that the case was not properly triable on December 7th; that

the defendant did not discover the case was set for trial until December 13th, following, and that defendant has a valid defense.

On March 3, 1923, the said motion was denied by the court and appeal therefrom to this court perfected by case-made, also certified as a transcript.

The plaintiff in error assigns the following as error in the proceeding in the trial court:

"1st. That the court below erred in rendering judgment by default in favor of the plaintiff and against the defendant.

"2nd. That under the issues joined by the pleadings at the time of the rendition of such judgment that defendant was entitled to judgment on the pleadings.

"3rd. That the defendant below was not in default, but had a full and complete answer on file in said cause, the allegations of which were not denied by the plaintiff and which entitled defendant below to judgment on the pleadings.

"4th. That the court below erred in overruling and denying the motion of the defendant below to set aside such judgment and for a new trial of said cause."

In its argument on these propositions, the plaintiff in error fails to distinguish between a judgment by default where the defendant has failed to file pleadings and a default where there is a failure to appear and present proof of the allegations in the answer on the day regularly set for trial.

The decisions amply sustain the argument of counsel where there is an attempt by the court to render judgment by default because of the absence of pleadings at a time when the case is not regularly set for trial, the defendant in fact having answered. But the failure of the defendant to appear with his witnesses when the case has been regularly set is an entirely different matter.

The failure of the plaintiff to sign his reply was immaterial in the present case, for the case went to trial on trial day without a motion for judgment on the pleadings having been filed. In such a case the failure to reply will be deemed waived. Leach v. Altus State Bank, 56 Okla. 102, 155 Pac. 875.

In the present case the defendant can claim no rights at the trial when he was not there to protect them. By his failure to file an appropriate pleading calling the court's attention to the failure to reply before the testimony was taken, he waived the failure to file a reply, if in fact, the unsigned instrument filed be considered a nullity. The defendant by failure to appear cannot question the action of the court in dispensing with a jury, although it does not affirmatively appear that a jury was not empaneled.

In this case plaintiff in error admits in its motion that the court clerk sent its attorneys the assignment of cases beginning Monday, November 27th, and ending Friday, December 15th, but only claims that there was no special check calling counsel's attention to this case. Counsel explains that this case was overlooked in some unaccountable way.

"An application to vacate a default judgment and to be allowed to defend is addressed to the sound discretion of the court, and will not be disturbed on appeal unless it clearly appears that the court has abused its discretion." Olentine v. Alberty, 82 Okla. 9, 198 Pac. 296.

No abuse of discretion is shown in the present case.

The evidence in this case is not included in the case-made and we must assume that it was sufficient to support the judgment.

The action of the trial court will therefore be affirmed.

McNEILL, C. J., and NICHOLSON, MASON, JOHNSON, and GORDON, JJ., concur.