LOTTIE V. BATES, Appellee, v. CITY OF DES MOINES, Appellant.

**MUNICIPAL CORPORATIONS:** Public Improvements—Void Assessment. A street improvement assessment under the nondistrict method, on property separated by a parallel street from the street improved, is void. (Sec. 6012, Code of 1924.)

**MUNICIPAL CORPORATIONS:** Public Improvements—Void Assessment—Remedies Available. A void assessment for a street improvement may be annulled either (1) on appeal or (2) by an independent action in equity, even though no objections to the assessment are filed with the city council. (See Book of Anno., Vol. 1, Sec. 6029, Anno. 20 *et seq.*)

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessment—Appeal—Informal Approval of Bond. In an appeal from a special assessment for a street improvement, an appeal bond otherwise proper, which has been *in fact* approved by the clerk of the district court, is not rendered insufficient because of the failure of the said clerk to formally enter his approval *on* the bond. (See Book of Anno., Vol. 1, Sec. 6064, Anno. 3 *et seq.*)

DE GRAFF, C. J., and STEVENS, J., dissent.

Headnote 1:  28 Cyc. p. 1125.  Headnote 2:  28 Cyc. pp. 1174, 1183 (Anno.), 1185.  Headnote 3:  3 C. J. p. 1175.

*Appeal from Polk District Court.*—Joseph E. Meyer, Judge.

MARCH 16, 1926.

Rehearing Denied June 21, 1926.

THE plaintiff appealed to the district court from the action of the city council of Des Moines in levying a special assessment upon her property for street improvements. The district court annulled the assessment, and the city appeals.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

MORLING, J.—I. Keosauqua Way was paved, and in the schedule of special assessments for the cost was a proposed levy against two lots belonging to the plaintiff. The district method of assessment was not adopted. A parallel street intervened between plaintiff's lots and Keosauqua Way. The trial court annulled the assessment as in violation of Section 6012, Code of 1924, limiting such assessment to one half of the privately owned property between the street improved and the next street. The defendant's contention is that the objections filed with the city council did not raise this question. We think, however, that, as the district plan was not adopted, the council was wholly without authority or jurisdiction to make the assessment. The assessment upon plaintiff's lots, therefore, is absolutely void, and should be annulled though no objections whatever were filed with the city council; and it may be annulled on appeal, as well as by independent suit in equity. *In re Appeal of McLain,* 189 Iowa 264; *Hauge v. City of Des Moines,* 197 Iowa 907; *Mann v. City of Onawa,* 199 Iowa 430; *Northern Light Lodge v. Town of Monona,* 180 Iowa 62; *Royal v. City of Des Moines,* 195 Iowa 23.

1. MUNICIPAL CORPORATIONS: public improvements: void assessment.

2. MUNICIPAL CORPORATIONS: public improvements: void assessment: remedies available.

II. It is objected that the bond given on the appeal to the district court did not have upon it the clerk's indorsement of

approval, and therefore was not approved, and the district court had no jurisdiction. One of the steps necessary to the perfecting of an appeal is the filing of "an appeal bond, approved by the clerk of said court * * *" Section 6064, Code of 1924. Our attention has not been called to any statute which, in the case of appeal bonds, specifically requires an indorsement or other record of approval to be made, although such record would be the better practice. *State v. Briggs*, 68 Iowa 416, 422. Official bonds are specifically required to be indorsed, in case of approval. Section 1074, Code of 1924. The statute provides in the case of pleadings that they shall not be considered as filed until memorandum is made in the appearance docket. This is held to be mandatory. *Nickson v. Blair*, 59 Iowa 531. But even in that case, the court may order the pleading to be entered as filed at the time it was delivered to the clerk and marked "filed." *Snell v. Dubuque & S. C. R. Co.*, 88 Iowa 442. It is shown by the testimony of the clerk and the attorney who represented the plaintiff in presenting this bond, with others, that the clerk, at the time they were so presented, said that he approved them, and that he accepted and filed them. The clerk testified that, if he does not approve a bond, he does not accept it or stamp it "filed." The bond did have upon it the filing indorsement. It appears, therefore, without contradiction, that the clerk did in fact exercise his judgment favorably to, and did accept, the bond; and treated it as approved. The defect alleged is merely the clerical or ministerial one of not making a record of his judgment upon it.

3. MUNICIPAL CORPORATIONS: public improvements: assessment: appeal: informal approval of bond.

We are of the opinion that an indorsement of approval was not indispensable, and that the absence of it did not deprive the court of jurisdiction. *Hanaw v. Bailey*, 83 Mich. 24 (46 N. W. 1039, 9 L. R. A. 801); *Leach v. Altus St. Bank*, 56 Okla. 102 (155 Pac. 875); 3 Corpus Juris 1175; 4 Corpus Juris 1259; *Nourse v. Weitz*, 120 Iowa 708; *State v. Briggs*, 68 Iowa 416.

The judgment is—*Affirmed*.

EVANS, FAVILLE, and ALBERT, JJ., concur.

DE GRAFF, C. J., and STEVENS, J., dissent as to Division II.

DE GRAFF, C. J.—I dissent to the conclusion expressed in Division II. I view the approval of an appeal bond by the clerk of the district court as an affirmative act, and that the statute contemplates that the approval shall be indorsed upon said bond. In the instant case, the approval is found in the testimony of the clerk to the effect that, if a bond is not approved, it is not accepted or stamped "filed." It was stamped "filed" in this instance, and it follows, from his statement, that it must have been approved. I cannot accept this logic as meeting the provision of the statute in perfecting an appeal, that there shall be filed "an appeal bond approved by the clerk" of the district court.

The filing of the bond and its approval are jurisdictional requirements. A filing is not *per se,* in my judgment, an approval, and the statute does not contemplate an approval *dehors* the record.

STEVENS, J., joins in the dissent.