MRS. A. M. RIVERS, Appellee, v. CITY OF DES MOINES, Appellant.

**MUNICIPAL CORPORATIONS:** Special Assessments—Appeal—Non-
1 formal Approval of Bond. In an appeal from the action of the city council in confirming a special assessment, an appeal bond is all-sufficient if it is *actually* approved by the clerk of the district court, even though such approval is not *formally indorsed in writing on the bond.*

**MUNICIPAL CORPORATIONS:** Special Assessments—Objections—
2 When Sufficiency Immaterial. The question whether objections filed before a city council against the confirmation of a special assessment are sufficiently specific becomes quite immaterial when it is made to appear that the council was wholly without jurisdiction to make the assessment.

Headnote 1: 3 C. J. pp. 1174, 1175. Headnote 2: 28 Cyc. p. 1183.

Headnote 2: 25 R. C. L. 180.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 14, 1926.

Appeal by the city from decree of the district court cancel-

ing a special assessment against certain property in the city of Des Moines.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

ALBERT, J.—By regular proceedings, the city of Des Moines paved Keosauqua Way, and in due time, and after proper notice, on January 22, 1925, approved the schedule of assessment against

1. MUNICIPAL COR-
PORATIONS: spe-
cial assess-
ments: appeal:
non-formal ap-
proval of bond.

the various properties. Appellee, having filed objection to such assessment, which was overruled, appealed to the district court, where the assessment against her property was canceled and set aside, and the property relieved from all liens on account of said assessment.

The city having appealed, the first question raised by it is that, when the appeal was taken by this property owner to the district court, and she filed an appeal bond with the clerk thereof, which was introduced in evidence, it did not bear the written approval of the clerk of the district court; and the city urges that the appeal was not effected, because the clerk did not indorse his approval upon said bond. The evidence in the case shows, however, that the attorney in charge of this property owner's appeal presented the bond to the clerk, and the clerk told him he would approve it, but did not note his approval on the bond. This seems to be one of a series of cases of similar character to that of *Bates v. City of Des Moines,* 201 Iowa 1233, where this identical question was raised, under a similar record. In the *Bates* case we held, in substance, that, if the evidence showed that the clerk of the district court did in fact approve said bond, it was sufficient to support the appeal, even though he did not indorse his approval thereon in writing. We have no disposition to recede from our ruling in the *Bates* case, but, in addition to the authorities there cited, the following support the rule there announced: *Davidson v. Lanier,* 71 U. S. 447 (18 L. Ed. 377) ; *Silver v. Ladd,* 73 U. S. 440 (18 L. Ed. 828) ; *International & G. N. R. Co. v. Taylor,* 62 Tex. Civ. App. 455 (131 S. W. 620) ; *Williams v. Mc-Conico,* 25 Ala. 538; *Commerce Vault v. Hurd,* 73 Ill. App. 107 ; *Illinois Cent. R. Co. v. Johnson,* 40 Ill. 35 ; *McCloskey v. Indian-*

*apolis Manufacturers & Carpenters Union*, 87 Ind. 20; *Bowles v. Page*, 20 Wis. 326.

The question of the sufficiency of the objections filed before the city council and the right to amend the same is again urged and discussed. We disposed of that question also in the *Bates* case, supra, where we said that the assessment was void because there was no authority or jurisdiction of the city to make the assessment, and that, therefore, no objections whatever need be filed, and that it may be annulled on appeal, as well as on an independent suit in equity.

**2. MUNICIPAL COR-PORATIONS: special assessments: objections: when sufficiency immaterial.**

No other questions are urged or discussed in this appeal, and the ruling of the district court is, therefore, affirmed.—*Affirmed*.

EVANS, VERMILION, and MORLING, JJ., concur.