CHARLES D. GOLDSMITH, Appellant, v. CITY OF SAC CITY, Appellee.

IN RE IMPROVEMENT AND PAVING OF AUDUBON AND NINTH STREETS.

**MUNICIPAL CORPORATIONS: Special Assessments—Paving on Non-established Grade.** An assessment may not be impeached on the ground that the pavement was laid on a nonestablished grade when, prior to assessment, the grade was duly established by ordinance in exact conformity with the paving laid.

**MUNICIPAL CORPORATIONS: Special Assessments—Credit for Curbing Destroyed.** A property owner may not, in the absence of a statute, demand a credit on his assessment for street improvements, for the value of curbing removed and replaced.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

SEPTEMBER 20, 1924.

REHEARING DENIED DECEMBER 11, 1924.

APPEAL from assessment for cost of paving. Facts are stated in the opinion.—*Affirmed.*

*Griffin, Griffin & Griffin* and *F. H. Schmidt*, for appellant.

*Malcolm Currie*, for appellee.

ARTHUR, C. J.—I. Appellant is the owner, and has been since before the year 1916, of Lots 4 and 5 in Block 16, Platt's Addition to Sac City. These two lots are located in the southwest corner of Block 16, and face south on Audubon Street, Lot

5 bordering on Ninth Street and Lot 4 lying immediately east of Lot 5. In the year 1916, appellant constructed curb and gutter on the west side of Lot 5 on Ninth Street, and on the south side of both lots on Audubon Street. At the time of such improvement, appellant claims, there had been a grade established where said improvements were made, and the improvements were made upon the levels established. In January, 1920, a resolution of necessity was introduced in the city council of Sac City, declaring the necessity and advisability of grading, paving, curbing, and guttering certain streets and alleys. Notice of the resolution and time for hearing thereon was given. Among other streets, the resolution proposed the paving of Audubon and Ninth Streets, upon which appellant's property abuts. Appellant filed objections to the removal of the curb and gutter which he had installed about his property, and objected to the curb and gutter proposed by the resolution in front of and along his property, for the reason that the same was already curbed and guttered on the lines and levels approved by the council at the time the said curb and gutter were constructed. Said objections were considered by the council, and before its passage the resolution was amended by inserting a paragraph as follows:

"Except wherein such curbing and guttering has heretofore been constructed thereon by authority of the city, approved by the city council, and such curbing and guttering is in good condition and acceptable to the city council."

Appellant's objections were overruled, except so far as the original resolution of necessity was modified by the above mentioned amendment. As thus amended, the resolution was passed, and the improvements ordered constructed. Contracts were made for the improvements ordered, including the improvement of Audubon Street and Ninth Street, on which appellant's lots abut. In laying the new improvement, the old curbing and guttering about appellant's property were removed. After the city council had decided to pave these streets, and before any work was done under the contracts, an ordinance was passed, known as Ordinance No. 132. This ordinance was intended to lower the old grade on the north side of Audubon Street, reducing same

at a point somewhat east of the east line of appellant's Lot 4, about 20 inches. The grade was not changed at the intersection of Audubon and Ninth Streets. The effect of said Ordinance No. 132 was to lower the grade on Audubon Street from nothing, at the west line of Lot 5, to about 20 inches, at a point 30 feet east of the east line of Lot 4: that is, the grade in front of Lot 5 was not lowered at the west line, but gradually sloped below the old grade line to about 8 inches at the east line of Lot 5, and to about 16 inches at the east line of Lot 4. The improvement was constructed on the grade attempted to be established by said Ordinance No. 132. On account of failure to comply with technical requirements of the statute in amending an ordinance, said ordinance was invalid. Upon discovery of the invalidity of the attempted amendment of the old ordinance by said Ordinance No. 132, another ordinance, known as No. 134, was passed, establishing the grade as attempted in the former ordinance. The improvement in question was laid on the grade attempted to be established by Ordinance No. 132, and finally established by passage of Ordinance No. 134.

The improvement on these streets was finished and accepted in August, 1920. Appellant filed objections to the proposed assessment for the costs of the improvement affecting his property. The objection made by appellant before the council in substance was that the improvement was not constructed on an established grade, and did not comply with the provisions of Code Section 792, and consequently that no assessment could be legally levied for such improvement against his abutting property. Counsel for appellant states his position, in substance, as follows: That the assessment for the pavement is invalid because the pavement was not laid at the established grade; that appellant had built curb and gutter on the established grade; that the pavement for which assessment is made was laid at a grade lower than the old established grade; that, after the paving had been done, the grade at which it had been laid was established to conform to the level of the pavement: and appellant insists that the proceedings are invalid, and that no assessment can be made against his property for said improvement because of the fact that the establishment of the grade was a condition precedent to

the right of the city to exercise jurisdiction in ordering and putting in said improvement, and that, therefore, when the city did not construct the pavement at the grade previously established, but upon a grade established after the improvement had been made, there was no power to assess for the cost of the improvement, and the assessment made is invalid.

II.    Code Section 792 furnishes the authority for assessment.  It reads:

"Cities shall have  power to improve any street, highway, avenue or alley by grading, parking, curbing, paving, graveling, macadamizing and guttering the same or any part thereof, and to provide for the making and reconstruction of such street improvements, and to assess the costs on abutting property as provided in this chapter; but the construction of permanent parking, curbing, paving, graveling, macadamizing or guttering shall not be done until after the bed therefor shall have been graded, so that such improvement, when fully completed, will bring the street, highway, avenue or alley up to the established grade: provided that only so much of the cost of the removal of the earth and other material as lies between the subgrade and the established grade shall be assessed to abutting property."

It will be observed that this section requires that the paving be laid at an established grade.  Before any work was done on the improvements, it was attempted by ordinance to make

1. MUNICIPAL CORPORATIONS: special assessments: paving on nonestablished grade.

change in the grade by lowering it, and the improvement was laid on the grade attempted to be made by Ordinance No. 132.  The work had been done—the improvement made—before it was discovered that there was a fatal defect in Ordinance No. 132, and Ordinance No. 134 was passed, establishing the grade at exactly the same level as attempted by the ineffectual Ordinance No. 132, and on the exact grade that the improvement had been constructed.  Of course, the city council had power to change the former grade, if there was one, and establish a different grade by ordinance.  The consequence of altering an established grade resulting in injury to an abutting property owner is provided for by Code Section 785, which reads:

"When any city or town shall have established the grade of

any street or alley, and any person shall have made improvements on the same, or lots abutting thereon, according to the established grade thereof, and such grade shall thereafter be altered in such a manner as to damage, injure or diminish the value of such property so improved, said city or town shall pay to the owner of such property the amount of such damage or injury.''

III. It appears that there were some curbing and guttering, which had been installed some years before, removed when the new improvement was made. Appellant complains that no

2. MUNICIPAL CORPORATIONS: special assessments: credit for curbing destroyed. allowance was made to him in the assessment, for destruction of his curb and gutter. We know of no statutory provision for giving credit for an assessment for the salvage value of the old curb and gutter. However, the record discloses no value.

Appellant also complains on this appeal that the assessment exceeds the statutory 25 per cent limit. No such objection on this ground was made before the council, and no record is presented on which to base such an objection.

IV. It appears that the council, by Ordinance No. 132, attempted to make a change in the former grade on Audubon Street along the south side of Block 16, where appellant's two lots are located, by lowering the grade at a point about the middle of the south side of said block approximately 20 inches, the grade feathering out east and west from that point. This new grade affected appellant's property thus: The grade was not changed at the southwest corner of his Lot 5, but from that point gradually sloped to about 16 inches below the old grade at the southeast corner of Lot 4. It transpired that said Ordinance No. 132 was defective, because it did not include the entire section of the old ordinance as amended. Ordinance 132 being relied upon, the pavement was laid in accordance therewith. When the defect was discovered, the council passed a new ordinance, No. 134, establishing the grade on Audubon Street in exact conformity with the improvement and the grade fixed in Ordinance No. 132. This was done before the assessment was made. The record is not clear as to whether the old ordinance, which was sought to be amended by Ordinance No. 132, and which was

amended by the later ordinance, No. 134, established the grade upon which appellant had constructed curb and gutter. But that is immaterial in the instant case in determining the jurisdiction of the council to proceed as it did and levy the assessment in the instant case. Failure to order the improvement upon the old grade, if there was one established, would not defeat the jurisdiction of the council over the subject-matter of the case before us. Variance in grade is not a jurisdictional matter. *Shaver v. Turner Impr. Co.,* 155 Iowa 492; *Hubbell, Son & Co. v. City of Des Moines,* 168 Iowa 418; *Landis v. City of Marion,* 176 Iowa 240. The *Landis* case, supra, contains an analysis of the important question involved in this case. In the case before us, when the desirability of a change of grade was discovered and determined upon, the council first attempted to make the change by Ordinance No. 132, and afterwards did effect the change by the passage of Ordinance No. 134. By the passage of Ordinance No. 134, appellant was afforded his statutory remedy for damages, as provided by Code Section 785 *et seq.,* if it should be determined in a proper proceeding that the present established grade is materially different from the former grade and that the change made in the grade resulted in substantial injury and damage to appellant's property. Before the assessment complained of was made, a grade had been established, and the improvement had been made in harmony with such grade.

The order entered by the court below is affirmed.—*Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.