J. C. WALTER, Appellant, v. CITY OF IDA GROVE, Appellee.

**MUNICIPAL CORPORATIONS:** Special Assessments—Equitable Action Treated as Appeal. An apparently independent action in equity to correct non-jurisdictional defects in a special assessment may be treated as an appeal from the adverse action of the council when so mutually treated by the litigants.

**MUNICIPAL CORPORATIONS:** Special Assessments—Objections—Sufficiency. An objection on appeal that a special assessment was not "ratably and proportionately distributed over all the property in the district" is not embraced within an objection filed with the council to the effect that the assessment "is in excess of benefits, confiscatory, oppressive." (See Book of Anno., Vol. 1, Sec. 6029, Anno. 12 *et seq.*)

MUNICIPAL CORPORATIONS:    Special Assessments—Inequitable As-
3   sessments—Insufficient Basis.    Evidence of the relative values of
different properties is not, in itself, sufficient basis on which to de-
termine whether an assessment is inequitable.    (See Book of Anno.,
Vol. 1, Sec. 6021, Anno. 14 *et seq.*)

MUNICIPAL CORPORATIONS:    Special Assessments—Failure to Es-
4   tablish Grade—Effect.   A city council has no jurisdiction to assess
property for the paving of an alley unless it has by ordinance estab-
lished the grade of the alley.●    (See Book of Anno., Vol. 1, Sec.
5976.)

MUNICIPAL CORPORATIONS:    Special Assessments—Inclusion of Im-
5   proper Expense—Effect.    The inclusion in an assessment of unallow-
able items of expense does not render the assessment fraudulent and
void.

APPEAL AND ERROR:    Briefs—Improper Citation of Cases—Effect.
6   The citation of Iowa cases by an appellee on appeal by a reference
to nonofficial reports *only* will be grounds for refusing him any taxa-
tion for the costs of his briefs.

Headnote 1:    3 C. J. p. 723.    Headnote 2:    28 Cyc. p. 1182.    Headnote
3:    28 Cyc. p. 1157 (Anno.).    Headnote 4:    28 Cyc. p. 1109.    Headnote 5:
28 Cyc. p. 1154.    Headnote 6:    3 C. J. p. 1431.

Headnote 3:    25 R. C. L. 137.

*Appeal from Ida District Court.*—J. A. HENDERSON, Judge.

MAY 10, 1927.

The plaintiff appeals from a decree denying (except as to a
minor reduction) his petition to cancel paving assessments.—
*Modified and affirmed.*

*Fred H. Free* and *J. C. Walter,* for appellant.

*J. R. Murphy,* for appellee.

MORLING, J.—From the abstract, this would appear to be an
independent suit in equity, to cancel the assessment in contro-
versy.    Objections before the city council are pleaded, but no

1. MUNICIPAL COR-   notice of appeal to the district court is shown.
PORATIONS: spe-    Nevertheless, the plaintiff in argument says that
cial assessments:
equitable action   this is an appeal from the assessment, and the
treated as ap-     defendants in argument state that the objec-
peal.

tions before the council were overruled, "whereupon appellant appealed to the district court of Ida County, filing his petition, and relying upon objections so made." It is very material to one of the questions presented, whether the case is an appeal from the action of the council or an independent suit in equity. As the case is treated by both sides in argument as an appeal, we feel compelled to accept it as such, notwithstanding its apparent character on the abstract as an ⁑independent suit.

I.   Plaintiff's first claim is that the assessment was not "ratably and proportionately distributed over all the property in the assessment district." His objections made before the city council did not raise this question. They assert that the proposed assessment is in excess of benefits, confiscatory, oppressive. On appeal, a petition was filed. The petition alleges:

2. MUNICIPAL COR-
PORATIONS: spe-
cial assessments:
objections: suf-
ficiency.

"That said assessment and levy is invalid, inequitable, in excess of twenty-five per cent of the actual value * * * confiscatory."

The evidence offered by plaintiff is to the effect that his property is worth $4,000 or $5,000; that the value of the two properties next north of his in the same block (but not abutting on Fifth Street) is $5,000 for one (Koons property), and $7,500 for the other (Beaver property); that plaintiff "did not know, at the time. that the Koons property was assessed $207.03 for the Fifth Street paving. I did not know that the Beaver property was likewise assessed $207.03 for the Fifth Street paving."

3. MUNICIPAL COR-
PORATIONS: spe-
cial assessments:
inequitable as-
sessments: insuf-
ficient basis.

There is no further basis of comparison shown, or other evidence of what the assessments on the other properties were. The three lots have the same frontage and depth. The plaintiff's assessment is for $620.01 for paving Fifth Street and $163.35 for paving the alley. The alley runs north and south on the west line of plaintiff's property, which he says fronts on Taylor Street. Locations relative to improvements are not further shown. The alley paving and the Fifth Street paving were separate and distinct improvements. There is no basis in the objections filed, in the petition, or in the evidence, for finding that the plaintiff's assessments are not in proportion to special benefits, or that either of them is in excess of such benefits. Code Supplement, 1913, Section 792-a.

II. As stated, the two pavings, the one of Fifth Street and the other of the alley, were separate and distinct improvements, by separate proceedings. Plaintiff before the council raised the objections that no grade had been established in the alley. The record is:

4. MUNICIPAL COR-
PORATIONS: spe-
cial assess-
ments: failure
to establish
grade: effect.

"That no grade lines had been established for said alley, and that none have ever been established; and it is also admitted that there was a grade established upon Quimby Street, and also upon Taylor Street."

The engineer testified that no proceedings to establish a grade for the alley were taken, "on the minutes of the city council records * * * The work was done, however, fixing it in the field * * * We put it down to fit the barns and garages on the alley, so the people could get in and out. Q. And you also fitted it to Mr. Walter's barn, I presume? A. That was one we couldn't fit. We can't fit them all, you know."

On the evidence, the true location of the alley lines is uncertain. The evidence tends to show that the plaintiff's barn encroaches upon the alley,—one witness testifying, 2 feet. The evidence is also that the paving encroaches upon plaintiff's lot from 1/10th of a foot to 4 inches. The paving is higher than the bottom of the barn, making it necessary to raise the barn, in order to use the doors. By Code Supplement, 1913, Section 792 (Section 5976, Code of 1924):

"The construction of permanent parking, curbing, paving * * * or guttering shall not be done until after the bed therefor shall have been graded, so that such improvement, when fully completed, will bring the street, highway, avenue or alley up to the established grade * * *"

A permanent grade may be established or changed only by ordinance. *Brown v. City of Sigourney*, 164 Iowa 184; *Landis v. City of Marion*, 176 Iowa 240. The municipality cannot acquire a right to a grade by mere implication from the establishment of grades in connecting or neighboring thoroughfares. *Morton v. City of Burlington*, 106 Iowa 50; *Dorland v. Bergson*, 78 Cal. 637 (21 Pac. 537). See *Given v. City of Des Moines*, 70 Iowa 637; *Kelley v. City of Cedar Falls*, 123 Iowa 660. Paving is a permanent improvement. If the property owner pays for it without a grade's being established, and a different grade should later be established, he would be without remedy to recover dam-

ages; for to recover damages he must have relied upon a formerly established grade. *Ayer v. City of Perry*, 193 Iowa 181. It may be, therefore, in the absence of an established grade, that benefits cannot be definitely measured. It is generally held that an assessment cannot be made if a grade has not been legally established. *Dorland v. Bergson*, 78 Cal. 637 (21 Pac. 537); *McManus v. Hornaday*, 99 Iowa 507; *Goldsmith v. City of Sac City*, 198 Iowa 1103; *Allen v. City of Davenport*, 107 Iowa 90; *Town of Hardinsburg v. Mercer*, 172 Ky. 661 (189 S. W. 1117); *State ex rel. Shannon v. Judges of District Court*, 51 Minn. 539 (53 N. W. 800); 4 McQuillin on Municipal Corporations, Section 1843; 8 *Id.*, Section 1843. The case presented here is not one of mere change of established grade, attacked by independent suit in equity, as in *Hubbell, Son & Co. v. City of Des Moines*, 168 Iowa 418; *Landis v. City of Marion*, 176 Iowa 240; *Shaver v. Turner Imp. Co.*, 155 Iowa 492; *Allen v. City of Davenport*, 107 Iowa 90. We are of the opinion that the council should have sustained the plaintiff's objection to the assessment on account of the alley paving, and that it should be canceled.

III. The plaintiff complains of the inclusion in the assessment of improper items of expense. The court found that the proportion thereof charged to the plaintiff's property was $7.56,

5. MUNICIPAL COR-
PORATIONS: spe-
cial assess-
ments: inclu-
sion of improper
expense: effect.

and reduced the assessment accordingly. Plaintiff does not complain of the computation, but says that in charging the erroneous items the council exceeded its jurisdiction. This and the other questions raised in the case are disposed of in *Estate of Meijerink v. Lindsay*, 203 Iowa 1031.

IV. The citations of the opinions of this court made in appellee's brief and argument are not in conformity to Rule 30

6. APPEAL AND
ERROR: briefs:
improper cita-
tion of cases:
effect.

of this court. Therefore, the cost of appellee's brief and argument will be disallowed in taxation. The remainder of the costs will be taxed one half to the appellant and one half to the appellee. The decree will be so modified as to totally cancel the assessment for the alley, $163.35.

With this modification, the decree is affirmed.—*Modified and affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and KINDIG, JJ., concur.