CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee, v. TOWN OF DYSART, Appellant.

No. 39069.

FEBRUARY 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*Pickett, Swisher & Farwell,* for appellant.

*J. W. Willett, J. G. Gamble,* and *A. B. Howland,* for appellee.

KINDIG, J.—The public improvement here concerned consisted of a main and lateral sewer, a disposal plant and lift station. Authorization for this project originated July 16, 1919,  when appellant's town council adopted an ordinance establishing a sanitary sewer district, which included all the property in the incorporated town of Dysart. Immediately following that action by the council, a resolution of necessity was introduced. In compliance with the law relating to this subject-matter, a notice was duly given and published for a hearing upon the resolution of necessity. Appellee did not appear or object to the project or the proposed method of assessment therefor. Then on August 7th, the resolution of necessity was adopted, without objection, and the sewer system and disposal plant were ordered to be constructed.

Subsequently, appellee filed two written objections with the council. One related to the assessment for the disposal plant, and the other to the assessment for the lift station and lateral sewers. These remonstrances were filed September 22, 1920, and July 5, 1921, respectively. Primarily the exceptions to those proposed assessments related to the propositions: First, that the intended levy is in excess of the benefits to appellee's property; second, that the same is above 25 per cent of the actual value of the land against which the levy is made; third, that the result of the levy amounts to double assessment; and fourth, that the cost of the improvement is more than $3.00 per lineal foot of sewer. Both of the written objections were overruled, and the assessments as proposed were duly levied. An appeal was taken by appellee to the district court.

Preparatory to trial, appellee, on April 1, 1922, filed what is designated a petition, in which it related the proceedings aforesaid. Upon the issues as thus raised, a trial was had. At the conclusion of the hearing, appellee, on January 21, 1925, presented what it called an amendment to its petition, in which new questions were raised, as follows: First, That the resolution of necessity was insufficient, because: (a) it did not state whether abutting property would be assessed, and (b) it did not make known whether or not private property would be thus assessed; and second, that the contract for the lift station and pumping plant was void because entered into on a cost-plus basis, when the notice therefor did not propose this method, thus resulting in a noncompetitive agreement.

This amendment was attacked by appellant on the theory that it was filed too late, and raised issues not presented to the town council in the objections which formed the basis for the appeal to the district court. After holding the cause under advisement until November 28, 1926, the district court set aside the assessment fixed by the town council of Dysart and reduced the same on the following theory, as stated in the decree:

"And the court finds, upon consideration thereof, that the disposal plant, lift station, and main and lateral sewers constitute but one improvement; and that said combined assessment cannot exceed 25 per cent of the fair value of the property against which said assessments are levied."

There are presented for decision at this time two general propositions. One relates to the correctness of the assessment, considered in the light of the original objections, and the other has to do with the new points raised by appellee through its alleged amendment.

I. Evidence was introduced by both the appellant and appellee for the purpose of showing whether or not there was: First, an assessment in excess of 25 per cent of the fair market value of the lots belonging to appellee; second, an assessment in excess of the benefits accruing to appellee's property; and third, a greater cost than $3.00 per lineal foot.

Several witnesses testified for each contestant. Their conclusions were not the same. Appellant's valuers sustained the findings of the town council, while those of the appellee disputed that testimony, and averred that the property was worth much less. Some of the witnesses on each side were interested. Others who testified apparently were not concerned about the result. It is presumed that the assessment made by the appellant was correct, and the burden of showing otherwise was upon appellee. *Carpenter v. City of Hamburg,* 179 Iowa 1168; *Vail v. City of Chariton,* 181 Iowa 296; *Jones v. City of Sheldon,* 172 Iowa 406; *Dickinson v. Incorporated Town of Guthrie Center,* 185 Iowa 541; *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *Spalti v. Town of Oakland,* 179 Iowa 59.

Overvaluation does not seem to have been made by appellant, and we can find no guide to lead us to an unerring reduction. Therefore, appellee has not met the burden of proof required to warrant any relief in this respect. See *Tjaden v. Town of Wellsburg,* 197 Iowa 1292.

II. That disposes of the questions raised by the objections filed with the city council. Remaining for consideration, then, are the new issues interposed by appellant through the alleged  amendment which was filed, not before the city council, but in the district court at the end of the trial. Can these exceptions be thus injected at so late a date, or should they have been presented to the city council?

Sections 823, Supplement to the Code, 1913, and 824 of the 1897 Code, respectively, provide:

"823. After filing the plat and schedule, the council shall give notice by two publications in each of two newspapers published in the city * * * and by handbills posted in conspicuous places along the line of such street improvement or sewer; * * * that said plat and schedule are on file in the office of the clerk, and that within twenty days after the first publication all objections thereto, or to the prior proceedings, on account of errors, irregularities or inequalities, must be made in writing and filed with the clerk; and the council, having heard such objections and made the necessary corrections, shall then make the special assessments as shown in said plat and schedule, as corrected and approved."

"824. All objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner herein provided for, shall be waived except where fraud is shown."

So far as the complaints named in the purported amendment are concerned, these sections of the statute were not complied with, unless the new protestations relate to matters not required to be thus advanced. If the matters under consideration are such that because thereof the assessments are absolutely void, or the city council did not have jurisdiction to proceed, then it was not necessary to raise the issue before the city council, but this may be done on the appeal, or by an independent action. *Manning v. City of Ames*, 192 Iowa 998; *Bates v. City of Des Moines*, 201 Iowa 1233; *Rivers v. City of Des Moines*, 202 Iowa 940. Appropriate language in *Manning v. City of Ames*, supra, is to this effect:

"At the outset, we are confronted with the question whether, under the facts of this case, the appellees can maintain this action in equity, or whether they are required to pursue the statutory remedy, by filing objections before the city council, with right of appeal therefrom. If the proceedings were such as to render the assessments absolutely void, then a court of equity has the power to enjoin the collection of such void assessment. Such have been our repeated holdings. * * * On the other hand, where the proceedings are not absolutely void, but merely voidable, the

statutory remedy by filing objections before the city council must be pursued, and injunction will not lie.''

Continuing the thought, *Bates v. City of Des Moines,* supra, aptly says:

''The assessment upon plaintiff's lots, therefore, is absolutely void, and should be annulled though no objections whatever were filed with the city council; and it may be annulled on appeal, as well as by independent suit in equity.''.

With these general principles fully recognized, discussion will be made of the questions presented in the case at bar. *Tjaden v. Town of Wellsburg,* supra, is not inconsistent therewith. There were involved in the *Tjaden* case certain jurisdictional questions which could not be raised for the first time in this court.

III. Contention at this juncture is made by appellee to the effect that Section 4 of the resolution of necessity does not authorize the assessments of its property for the expense incident to the sewage disposal plant. Such section contains this language:

''And be it further resolved that the disposal plant shall be known and established as a sewage disposal plant, and the cost of same and all cost in connection therewith shall be paid out of a fund to be created by the levy of a special tax on all property in the town of Dysart, Iowa, or if insufficient to pay the cost of same out of any funds of the town of Dysart, Iowa, available by law for such purposes, or by a special assessment against all the property in said town in accordance with the law.''

Ordinance No. 78, adopted July 16, 1919, created and established a sanitary sewer district including all property in the town. When providing for the payment of the disposal plant, special assessments were levied by the council against all the property in the town. The specific complaint made by appellee is that the resolution did not state whether or not abutting or adjacent property would be assessed. They rely upon the following authorities: *Dunker v. City of Des Moines,* 156 Iowa 292; *Shaver v. Turner Impr. Co.,* 155 Iowa 492; *In re Appeal of Apple,* 161 Iowa 314; and similar cases.

A distinction is clearly apparent between the facts and cir-

cumstances concerned in the citations and those here presented. Doubt and uncertainty appears in the resolution discussed in the cited cases as to whether the particular property would or would not be assessed. In some of the instances that was true because "adjacent" was not defined under the statute then existing, and in others the improvement district was not designated with such certainty that its boundaries could be known. Here such confusion does not exist, for, under the resolution, it was certain that all property in the town would be affected.

Had the scheme contemplated an assessment on only part of the property, and, under such a program, an attempt were made to compel lots not within the district to bear their burden of the improvement, a different question would be presented. All the property, however, according to the resolution, was to be assessed. Whatever inequality may appear in the apportionment when making a certain levy before using moneys existing in another fund, is a subject-matter which should have been submitted to the council in the written objections aforesaid; and, not having been there presented, it could not be interposed in the district court under the guise of an amendment, because, under Section 824, supra, the failure to raise the issues with the town council amounted to a waiver thereof.

IV. But appellee argues that it did raise this question before the town council in these words:

"That said assessment levies too large an amount against the abutting and adjacent property, and that the same should be paid out of the general sewage fund to be raised by a millage tax upon all the property within the district, rather than by special assessment."

Clearly, the sentence quoted relates to error, irregularity, or inequality, and does not in any way suggest lack of jurisdiction because of an insufficient resolution of necessity. Errors,  irregularities, and inequalities are the subjects referred to in Section 824, supra; and matters relating thereto, not being raised in the written objections to the city council, are waived under and by virtue of the very language of the legislature contained in the section aforesaid.

V. Assuming that the above and foregoing may be true,

appellee further contends that the portion of the assessment relating to the lift station is void because the contract therefor was not for a definite sum, but contemplated a cost-plus basis of settlement, even though the specifications and notice to bidders did not contain that idea.

By reading the specifications and notice to bidders involved, it is revealed that the cost-plus theory was not set forth or indicated. Cost-plus, under some circumstances, may be properly  inserted in a contract if the preliminary notice or specifications embody the same, in order that all bidders may have that principle in mind when presenting their proposals. *Busch v. Joint Dr. Dist.*, 198 Iowa 398. Competition is thwarted if advantage is given to one bidder over the other. Consequently, it was held in *Gjellefald v. Hunt*, 202 Iowa 212, that a cost-plus clause in a contract is void when the notice and specifications did not provide for the same. Quotations from the *Gjellefald* case, supra, at this part of the discussion will be enlightening. We there said:

"The whole theory of awarding public contracts to the lowest bidder, after advertising therefor, is to protect the interest of the property owners, and to create competition between bidders, to the end that the work may be done as cheaply as possible. In order that such bidders shall be able to compete on equal terms, there must be established in advance a fixed basis for comparison of bids, so that all may bid on the same thing. Therefore, the advertisements for bids, or at least the specifications prepared in advance, should be definite and explicit, to the end that each bidder may prepare his bids intelligently on a common basis. * * *" (Page 218.)

"It is evident that appellant had an advantage over the other bidders, who did not cover this question [cost-plus] in their bids. This was prejudicial to the drainage district. His [appellant's] bid was responsive to the call, and therefore will not warrant this clause [cost-plus] in the contract; hence, the board had no authority, under the law, to inject into said contract the clause of which complaint is made. * * *" (Page 220.)

"We hold, as a matter of law, that the quicksand provision

[cost-plus] is void because of want of authority on the part of the board to make such an agreement.'' (Page 221.)

Hence, the cost-plus provision being void in the contract for the ''lift'' in the present case, the assessment therefor likewise must be of no validity or effect. Because the discrepancy between the contract and the notice to bidders results in a nullity, as distinguished from a mere error, irregularity, or inequality, Section 824, supra, does not require the appellee to except thereto before the city council, but this challenge can be made during any step of the proceeding. *Manning v. City of Ames,* supra; *Bates v. City of Des Moines,* supra; *Bennett v. City of Emmetsburg,* 138 Iowa 67. No jurisdiction existed to make the invalid contract, and the assessment based thereon also must be void.

Therefore the judgment and decree of the district court is reversed on both appeals, and the original assessment of the city council should be and is reinstated, except there is to be deducted therefrom that portion of the levy against appellee's property made for meeting the cost of the lift station.—*Affirmed in part and reversed in part on each appeal.*

ALBERT, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.