PEOPLES INVESTMENT COMPANY, Appellant, v. CITY OF DES MOINES et al., Appellees.

No. 41148.

MARCH 8, 1932.

A. J. Palas, for appellant.

George P. Comfort, Chauncey A. Weaver, and C. R. S. Anderson, for appellees City of Des Moines and Allen Munn, County Treasurer.

Brunk, Bennett, Hassett & Janss, for appellee, Ballard-Hassett Company.

KINDIG, J.—The Peoples Investment Company, plaintiff-appellant, on April 27, 1925, owned, and at this time still owns, certain lots in Grand View Acres, an addition to the City of Des Moines. These lots all front on East 37th Street in that city.

Some time in the spring of 1925, the defendant-appellee, City of Des Moines, graveled East 37th Street on which appellant's property fronts. On April 27, 1925, the graveling was completed. Thereafter, on July 9, 1925, the cost of such graveling was assessed by the appellee City to the adjoining property, including appellant's lots. Following the assessments, the city made certification thereof to the county auditor of Polk County, the defendant-appellee, who, in turn, certified the same to the treasurer of that county. Whereupon the treasurer attempted to collect the special assessment from the appellant. Consequently, to prevent the collection of the assessment, the appellant, on May 19, 1930, commenced the present action to enjoin the Polk County treasurer. This injunction was sought upon the theory that the City of Des Moines had no jurisdiction to levy the special assessment, because East 37th Street at the place in question had no permanent grade. Without a permanent grade, the appellant contends, there could be no special assessment for permanent improvements.

After the petition was filed, the City of Des Moines, on September 15, 1930, established a permanent grade on the basis of, and corresponding with, the former improvement. Nevertheless, the appellant contends that such late establishment of that permanent grade could not give the City of Des Moines jurisdiction to collect the special assessment, when, in the first place, it had no such jurisdiction to make the improvement and levy the assessment.

In reply, it is said by the city that the failure on its part to establish a grade in the first place amounted to a mere irregularity or error in proceedings, and should have been corrected or taken advantage of by appellant through an appeal, in accordance with the statute, rather than by an independent action. Such is the controversy here involved. Was the failure to estab-

lish the permanent grade jurisdictional to the extent that an injunction will lie to prevent the collection of the special assessments under consideration?

"A permanent grade may be established or changed only by ordinance." Walter v. City of Ida Grove, 203 Iowa 1068 (local citation, 1071).

Section 5976 of the 1927 Code provides:

"The construction of permanent parking, curbing, paving, graveling, macadamizing, or guttering shall not be done until the bed therefor shall have been graded, so that such improvement, when fully completed, will bring the street up to the established grade."

Under and because of that section, it has been held that permanent improvements should not be made until a permanent grade has been established. Walter v. City of Ida Grove (203 Iowa 1068), supra, local citation, 1071; Kepple v. City of Keokuk, 61 Iowa 653; McManus v. Hornaday, 99 Iowa 507; Brown v. Sigourney, 164 Iowa 184; Landis v. City of Marion, 176 Iowa 240. To illustrate the thought, as shown by the following excerpt, this court declared in Walter v. City of Ida Grove, (203 Iowa 1068), supra, reading on pages 1071 and 1072:

"Paving is a permanent improvement. If the property owner pays for it without a grade's being established, and a different grade should later be established, he would be without remedy to recover damages; for to recover damages he must have relied upon a formerly established grade. Ayer v. City of Perry, 193 Iowa 181. It may be, therefore, in the absence of an established grade, that benefits cannot be definitely measured. It is generally held that an assessment cannot be made if a grade has not been legally established."

That language, above quoted, was used in an appeal case, as distinguished from an independent action wherein an injunction is sought. Thus it is apparent that those authorities do not sustain appellant's contention for an independent action rather than an appeal. A great number of the cases relied upon by appellant are likewise appeals and not independent actions.

Some of the language used in the early cases indicates that

the establishment of a grade was jurisdictional. This language, however, was employed before the adoption of Section 824 of the 1897 Code. Said section reads:

"All objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner herein provided for, shall be waived except where fraud is shown."

After the adoption of the last-named section, many of the previous decisions of this court were overruled because they used general language indicating that mere erroneous proceedings or other irregularities were jurisdictional. For instance, Hubbell v. Bennett, 130 Iowa 66, was overruled in Shaver v. Turner Improvement Co., 155 Iowa 492. So, too, Comstock v. City of Eagle Grove, 133 Iowa 589, Zalesky v. City of Cedar Rapids, 118 Iowa 714, and Behnett v. City of Emmetsburg, 138 Iowa 67, were disapproved in Clifton Land Company v. City of Des Moines, 144 Iowa 625.

The very purpose of the statutory remedy of appeal is to avoid belated objections to the proceedings of the city council, which, before the new statute, might be jeopardized or set aside because of some ancient irregularity or erroneous action. Section 6023 of the 1927 Code provides for the preparation and filing of a plat and schedule for the street improvement, and Section 6026 requires notice of the filing of that plat and schedule in order that those interested may appear at the hearing authorized under Section 6028 of the same Code. At that hearing, those concerned may make objections to the improvement. It is said in Section 6026, above mentioned:

"* * * Said notice shall state that said plat and schedule or report are on file in the office of the clerk, and that within twenty days after the first publication all objections thereto, or to the prior proceedings, on account of errors, irregularities, or inequalities, must be made in writing and filed with the clerk."

If objections are not thus made, they are waived, for it is said in Section 6029 of the 1927 Code:

"All objections to errors, irregularities, or inequalities in the making of said special assessments, or in any of the prior

proceedings or notices, not made before the council at the time and in the manner provided in Section 6026, shall be waived except where fraud is shown.''

Then Section 6063 of the same Code provides that any person affected by the levy of any special assessment may appeal to the district court if he is not satisfied with the action of the council on the objections made. All the errors and irregularities named in the statute can be corrected only by appeal to the district court if the city council fails to meet the property owner's objection. Owens v. City of Marion, 127 Iowa 469; Clifton Land Company v. City of Des Moines, 144 Iowa 625; Walter v. City of Ida Grove (203 Iowa 1068), supra; Chicago R. I. & Pac. Ry. Co. v. Dysart, 208 Iowa 422; Tjaden v. Town of Wellsburg, 197 Iowa 1292; Rivers v. City of Des Moines, 202 Iowa 940.

On the other hand, ''if the matters under consideration are such that because thereof the assessments are absolutely void, or the city council did not have jurisdiction to proceed, it was not necessary to raise the issue before the city council, but this may be done * * * by an independent action.'' Chicago, R. I. & P. R. Co. v. Dysart (208 Iowa 422, reading on page 426), supra.

To the same effect see Manning v. City of Ames, 192 Iowa 998; Bates v. City of Des Moines, 201 Iowa 1233; Rivers v. City of Des Moines, 202 Iowa 940. When, then, we determine whether the establishment of the permanent grade in the case at bar is jurisdictional, due significance must be given to the aforesaid statutory remedies. Notation must be made that Section 5976, above quoted, does not specifically say that the establishment of the grade is jurisdictional.

This court on several occasions, when interpreting that section, has specifically said that the establishment of the grade is not jurisdictional. For the convenience of the reader, excerpts will now be quoted from some of these cases. In Allen v. City of Davenport, 107 Iowa 90, reading on pages 99 and 100, it is said:

''We are constrained to hold that as neither the law nor the city charter makes the establishment of the grade a condition *precedent* (the italics are ours) to the passage of the reso-

lution for the work, and as the purpose and intent of the law are to make such improvement permanent and not subject to change after it is once completed, without liability for damages by reason thereof, it is sufficient if the grade is established at such time as that the improvement may be made with reference thereto. In other words, an ordinance fixing the grade *is not jurisdictional, and need not precede the resolution ordering the improvement.* (The italics are ours). If passed so that the work is done with reference thereto, and so that the owner may not be subjected to damages by reason of a subsequent change without compensation therefor, it is sufficient.''

Likewise, this court said in Shaver v. Turner Improvement Co. (155 Iowa 492), supra, reading on page 495:

''The manner of exercising a power if possessed is seldom jurisdictional and it is not so declared here. The design evidently was to cast upon the city the burden of bringing the bed of the street to a condition such that the added improvement when completed will be at grade. Neither the preparation of the bed nor the establishment of the grade even *is essential as a condition precedent* (the italics are ours) to the adoption of a resolution of necessity or the ordering of the improvement.''

If, then, the establishment of the grade is not jurisdictional nor a condition precedent to the resolution ordering the improvement, the city council, before the establishment of the grade, had jurisdiction of the subject-matter. Section 5975 of the 1927 Code provides that city councils shall have the power ''to improve any street by grading, parking, curbing, paving, oiling, chloriding, graveling, macadamizing, or guttering the same or any part thereof.'' That is the section which confers the power and jurisdiction upon the city. Following the aforesaid conferring power upon the city to improve the street by graveling, as was done in the case at bar, Section 5976, above quoted, outlines the method of exercising the power granted under the aforesaid Section 5975. In other words, the city, through section 5975, obtains its power and jurisdiction to gravel a street in the manner and way provided under Section 5976. While, then, the city is graveling the street in the manner and way outlined under Section 5976, it is exercising the jurisdiction and power conferred by Section 5975. Although

that may not have been the law originally (McManus v. Hornaday, 99 Iowa 507, supra), yet it became such through the amended Code, which fully outlines the power, the method of exercising the same, and the remedies available to an aggrieved property owner who objects to the erroneous or irregular way the city has proceeded.

Having acquired jurisdiction under Section 5975, above mentioned, the city council could continue under that jurisdiction until all the powers granted by the statute in the premises had been performed. When performing such powers under the aforesaid jurisdiction, the city council sometime in the proceeding may have committed error or irregularity because not fully complying with Section 5976. Such error or irregularity, however, did not prevent the city from acquiring jurisdiction, because it already had jurisdiction. Jurisdiction having thus been acquired, it would not be lost because of the subsequent error or irregularity in failing to follow the statutory direction in the accomplishment of the work. To illustrate, it is said in Shaver v. Turner Improvement Co. (155 Iowa 492), supra, reading on page 495:

"Neither the preparation of the bed nor the establishment of the grade even is essential as a condition precedent to the adoption of a resolution of necessity or the ordering of the improvement."

Again, in Landis v. City of Marion, 176 Iowa 240, on page 245 this court declared:

"The effect of our later holdings (contrasting them with our former holdings) is to say that the failure to lay the improvement upon the established grade will not defeat the jurisdiction of the city council over the subject matter; that injunction will not lie to set aside the assessment; that the statutory remedy provided by section 839 of the Code (of 1897) must be followed; that the question whether there was a substantial departure from the established grade may be presented in pursuance of such remedy, and must be considered in the first instance by the city council, and, on appeal, by the court * * *."

Also, we stated in Goldsmith v. City of Sac City, 198 Iowa 1103, reading on page 1108:

"Failure to order the improvement upon the old grade, if there was one established, would not defeat the jurisdiction of the council over the subject-matter of the case before us. Variance in grade is not a jurisdictional matter."

But it is said by appellant that a distinction is to be made between the establishment of a grade in the first instance and the variation therefrom later. Neither the establishment of the grade nor the variation therefrom, however, are jurisdictional prerequisites to an assessment. The statute, as before said, does not expressly make the establishment of the grade a jurisdictional step. Nor does any case cited by appellant which arises out of the later Codes construe the establishment of a grade as a jurisdictional step. All the language in the various cases indicate that the establishment of the grade is not a jurisdictional step. As said in Allen v. City of Davenport (107 Iowa 90), supra, on page 99:

"* * * the purpose and intent of the law are to make such improvement permanent and not subject to change after it is once completed, without liability for damages by reason thereof * * *."

Undoubtedly, as said in Walter v. City of Ida Grove (203 Iowa 1068), supra, reading on page 1072:

"It may be, therefore, in the absence of an established grade, that the benefits cannot be definitely measured."

An irregular or erroneous assessment of benefits, nevertheless, always can be waived by the property owner the same as any other right or equity. Manifestly if the property owner does not appear in the proceedings after the notice provided by statute and file objections as demanded by the statute, he does, in accordance with the statute, waive his right to object, because no benefits would accrue unless the grade is established. Regardless of whether the appellant is only slightly benefited by the improvement, the city council has jurisdiction to levy the assessment. Having that jurisdiction, the city council does not lose it because perchance a step in the procedure is not taken which would benefit the appellant. The appellant, if it desired to be benefited by the establishment of a permanent grade, should have appeared at the proper time in the manner outlined

by the statute and made objections because of the city's error and irregularity in the proceedings. If the city, after such objections were made, did not correct the error, an appeal could have been taken by the property owner to the district court, and, if necessary, from that tribunal to this court. Of course, as said in Walter v. City of Ida Grove (203 Iowa 1068), supra, reading on page 1072:

"It is generally held that an assessment cannot be made if a grade has not been legally established."

That declaration, however, was made in an appeal case and not in a proceeding by way of an independent action. Because the appellant did not appear before the city council and make proper objections, and then appeal from the city's action thereon to the district court, he waived his right to object because he was not benefited by the establishment of a permanent grade. Not having followed that remedy, he cannot obtain an injunction in an independent proceeding. Irregularity and erroneousness appear in the proceedings of the city council, as distinguished from a jurisdictional step. Consequently, the appellant's only remedy was by appeal. As a matter of fact, the permanent grade has been established, so that now, when the appellant pays his taxes, he will receive the benefit of the permanent grade. Regardless of that fact, however, the independent action will not lie.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—Affirmed.

WAGNER, C. J., and EVANS, STEVENS, DE GRAFF, ALBERT, and MORLING, JJ., concur.

GRIMM, J., dissents.

GRIMM, J. (dissenting)—We have here, not a case where the city council, in proceeding along proper lines, commits some minor error or irregularity. We have a bold attempt at assessing property without the establishment of any grade whatsoever, and after the property owners refuse to pay the assessment as made, the city council undertakes to fit a paper grade to the gravel grade already built. By this method, the city graveled the street and attempted to make the property owners

pay for it without the establishment of a paper grade. If the property owner did not go to the trouble and expense of testing the question and had paid the assessment, then later the city council could establish any paper grade it desired, change the grade in front of the property assessed, and make the property owner pay for the new grading also. Moreover, the property owner would be prevented from recovering damages because of a "change of grade," because, manifestly, in that case, there would be no *change* of grade.

In other words, had the plaintiffs in this case paid this assessment, the city of Des Moines might not have established any paper grade to fit the gravel already constructed. Later, the city council might establish a paper grade very much different from the gravel grade already laid, and thereafter bring the street to the paper grade. For this second improvement the property owner might also be asked to pay, and, moreover, the property owner would be foreclosed from recovering any damages for change of grade, because, manifestly, the last grade established would not be a change of grade. It would be the first and only grade actually established.

This is not a case where the paper grade was established at such a time as that the gravel grade was actually laid to the paper grade. We have here an attempt to establish a paper grade after the improvement has been made and the assessments have been made and attempts to collect them have been made.

True enough, the city has the right to grade and improve the street and pay for it out of the general fund, any time and without an established paper grade; but if the property is to be assessed for the cost of the improvement, this can only be done when and if a paper grade has been established and the improvement has been made substantially in accordance therewith.

When the property owner received the notice here shown, he had the right to assume that the improvement being made was one to be paid for out of the general fund, and not to be assessed against the property owner; or he had the right to assume, at all events, that no grading would be done without the establishment of a paper grade as provided by law.

It cannot be incumbent upon a property owner to search the records of the city to ascertain whether a grade has been

1388

established before an improvement is made and to determine whether the proposed improvement is merely an exercise of the general powers of the city to improve the street, which improvement is to be paid for out of the general fund, or whether the improvement is to be assessed against the property owner because made in accordance with an established paper grade.

Certainly it is not asking too much of a city to follow the statute and first establish a paper grade in order that it may have jurisdiction to improve the street according to said grade before it can assess the property owners with the cost thereof.

I do not think the city council can, under any circumstances, make an improvement such as the one under consideration without having first established a paper grade to which and in accordance ·with which the improvement is substantially made, if the property owner is expected to pay the price.

The action of the city council in this case was absolutely void, and the aggrieved property owners have a perfect right to enjoin the assessment.