SUNSET GOLF CLUB, INC., appellant, v. CITY OF SIOUX CITY, appellee.

No. 47805.

(Reported in 46 N.W.2d 548)

740

MARCH 6, 1951.

REHEARING DENIED MAY 11, 1951.

Thos. J. Griffin, of Sioux City, for appellant.

George F. Davis, of Sioux City, for appellee.

MULRONEY, J.—The Sunset Golf Club, Incorporated, filed a petition in equity against Sioux City wherein plaintiff alleged it was the owner of "tax Lot Four (4) Auditor's Plat of part of the Southeast Quarter of Section Seventeen (17), Township Eighty-nine (89), Range Forty-seven (47), and the Northeast Quarter of Section Twenty (20), Township Eighty-nine (89), Range Forty-seven (47) in Woodbury County, Iowa;" that during the year 1949 the defendant-city constructed a sidewalk abutting the above property; and that the proceedings which resulted in the levy and assessment against the plaintiff for the sidewalk improvement were incorrect and insufficient to confer jurisdiction on the city to make such levy and assessment. The prayer was for a decree declaring the assessment void.

The plaintiff's action is described to us as a "combined appeal" from the city's refusal to cancel the assessment and "an injunction action" asking the assessment be declared illegal. After the city generally denied, the case was tried, resulting in a decree denying the appeal and plaintiff appeals to this court.

Plaintiff's golf course abuts on the southwest side of Stone Park Boulevard in Sioux City. On April 1, 1949 the city council by unanimous vote adopted a resolution ordering. construction of permanent sidewalks in about twenty-five different additions to Sioux City and describing about one hundred lots "to be assessed." Among the descriptions was "Sunset View Addition vacated Lot 14, Block (blank) Southwest side Stone Park Boulevard." This resolution was published in the newspaper on April

14, 1949. On June 3, 1949 the city adopted a resolution ordering bids for the construction of the said sidewalks. This resolution contained the same description as above. On July 8 the council adopted a resolution accepting Kudron Construction Company's bid for the said sidewalk construction. This resolution listed the additions wherein the sidewalks were to be constructed but Sunset View Addition is omitted from the list of said additions. It is also omitted from the city engineer's report recommending acceptance of Kudron's bid. The next resolution of the city council is dated January 13, 1950. In this resolution the council, pursuant to the attached report and recommendation of the engineer, accepted the construction of the sidewalks. In this resolution and report the list of descriptions includes the Sunset View Addition substantially as in the April 1, 1949 resolution. The next two resolutions of the council of January 13, 1950 and February 24, 1950 provide for notice and levy of assessment upon the abutting property owners. In the notice resolution the property for the first time was described: "Auditor's plat—part of the Southeast Quarter Section 17, 89, 47, Tax Lot Four, Block Fourteen."

It was stipulated by the parties "that the property of the plaintiff involved herein and against which an assessment for sidewalk has been levied or adopted to be levied was formerly block fourteen of Sunset View Addition to Sioux City, Iowa which block fourteen was entirely vacated several years prior to the construction of said sidewalks, and that the property involved is now and has been for some years operated as a golf course."

It was also stipulated between the parties "that the president of the plaintiff corporation had actual notice of the pending or the planning of a permanent sidewalk on or about May 1, 1949 by reason of the receipt by a principal stockholder of the plaintiff corporation of a document entitled 'Sidewalk Notice'." It also appears that on October 21, 1949, "at which time the actual installation of the sidewalk was just commencing," plaintiff filed a protest, dated October 17, 1949, with the city council. In this protest plaintiff objected to any special assessment being levied against its property for sidewalk on the southerly side of Stone Park Boulevard "for the reason that said sidewalk is not of any benefit at all to the objector's property, and for the further reason that said sidewalk is unnecessary and will be only temporary in

character because of contemplated changes in the course of Perry Creek * * *." The record shows these objections were overruled in the resolution of February 24, 1950.

█ I. Plaintiff's first point is that its "property was not described in the resolution of necessity [April 1, 1949] nor in any of the notices or proceedings by which the city could have acquired the legal right to levy a special assessment." It seems to be admitted that the description "vacated Lot 14 Sunset View Addition" is faulty. Plaintiff admits the description in the notice resolution of January 13, 1950 comes close to correctly describing its property and would probably be adequate.

The trouble with plaintiff's argument, as the trial court pointed out, is that neither the statutes nor the municipal ordinances governing the city's power to construct sidewalks requires a legal description of the property to be assessed in the resolutions or preliminary proceedings. The sidewalks statutes appear at the end of chapter 389, Code, 1950. The first section (389.31) provides that cities shall have power to provide for construction of permanent sidewalks after the permanent grade has been established, "and to assess the cost thereof on the lots or parcels of land in front of which the same shall be constructed." The section further provides for a three-fourths vote of all the members of the council when the improvement is not made on petition of the property owners.

We have held that no resolution of necessity is required under the above statute. Northern Light Lodge v. Town of Monona, 180 Iowa 62, 161 N.W. 78, L. R. A. 1918A 150; Perrott v. Balkema, 211 Iowa 764, 767, 234 N.W. 240, 241. In the last cited case we said: "The order requiring and directing the construction * * * of a permanent * * * sidewalk by the council may be by either resolution or motion."

In the first cited case we held a sidewalk was not a "street improvement" within the provisions of chapter 391. In any event, there is no requirement that the motion or resolution contain a legal description of the "property to be assessed." The statute, as we pointed out in Zalesky v. Cedar Rapids, 118 Iowa 714, 92 N.W. 657, is a grant of power in general terms which gives the city authority to adopt ordinances for carrying into effect the

powers and duties conferred. So we must look to the ordinances which the city adopted for the procedural requirements.

The record states chapter 99 of the Municipal Code of Sioux City was received in evidence and sections 99.2, 99.6, 99.7 and 99.9 are then set forth.

Section 99.2 provides that "before the construction of any temporary or permanent sidewalk shall be ordered by the City Council * * * a written notice shall be given to the owners of the property to be assessed for the construction of said sidewalk." The ordinance goes on to provide for service of this notice by delivering the notice to the owner in possession or the posting on the property; provides that the notice shall state "the time and place for a public consideration of hearing before the City Council upon the proposed construction" and also provides the notice shall "contain the location and kind of sidewalk to be constructed, the width thereof and a statement that the costs and expense therefor will be assessed to the property abutting thereon."

Section 99.6 provides for the advertisement for contract bids and the acceptance of the lowest bid for the construction of "such sidewalks as may be ordered by the city council and not constructed by the owners of property fronting thereon, or by the city without contract." The section also provides the construction shall be according to "the plans and specifications prepared by the city civil engineer."

Section 99.7 deals with the assessment schedule and provides for the filing of an assessment schedule and plat with the city clerk, and a ten-day published notice of said filing and posted notices "in conspicuous places along the line of such sidewalks constructed"—the notices to fix a date for the assessment and to provide that "all objections to said schedule and the assessment proposed and the prior proceedings on account of errors, irregularities, or inequalities must be made in writing and filed with the city clerk prior to the date fixed for said assessment * * *. All objections not made in compliance with this chapter or filed with the city clerk prior to the date fixed for said assessment shall be deemed waived, except where fraud is shown."

Section 99.9 merely provides that any part of construction costs not paid in assessment certificates shall be paid out of other city funds.

The only ordinances called to our attention that outline the procedure before the construction are 99.2 and 99.6. Neither of these ordinances requires a legal description of the abutting property. The first states the notice shall "contain the location" of the sidewalk and the second provides the published notice for contract bids shall be "in accordance with the provisions of the statute relating to proposals for street improvements." The statute referred to is probably section 391.31, Code, 1950. This statute states the notice for bids for street improvements shall "state as nearly as practicable the extent of the work" and nowhere in the statute is there a requirement that the notice contain a legal description of the property to be assessed for the improvement.

The trial court in his ruling commented that the plaintiff in the trial below did not contend "that the location and kind of construction of the sidewalk was not properly set out." We can say the same on this appeal. Plaintiff admits it received the notice required by section 99.2. The notices were not introduced in evidence and their absence leaves the presumption that they contained what the statutes and ordinances state they should contain. Since there were no requirements in the statutes or ordinances that the procedure before construction contain legal descriptions of property to be assessed for improvements, we hold no jurisdictional defect is presented by the presence of a faulty legal description in portions of that procedure.

II. In any event, it is abundantly clear plaintiff had actual notice and plaintiff appeared and protested in writing on October 17, 1949—objecting on the grounds the sidewalk was of no benefit and unnecessary and would be only temporary in character. Such an appearance would be sufficient basis for the city's jurisdiction. Chicago & N.W. R. Co. v. Sedgwick, 203 Iowa 726, 213 N.W. 435. No objection was made on the ground of errors or irregularities in the proceedings. Section 389.32, Code, 1950, provides that "all objections to the prior proceedings, on account of errors, irregularities, or inequalities, must be made in writing and filed with the city clerk prior to the date fixed for said assessment; and all objections not so made shall be deemed waived, except where fraud is shown."

It will be noted ordinance 99.7 contains almost the exact language of the foregoing statute. The statute does not state when

the objections shall be made but the ordinance provides they shall be filed before the final hearing on the assessment schedule. Again the assessment schedule was not introduced in evidence but plaintiff admits the resolution of January 13, 1950 ordering notice of the filed assessment schedule contained a legal description of plaintiff's property that would probably be adequate for assessment purposes. Although plaintiff filed no objections subsequent to the filing of the assessment schedule still the council seemed to consider his earlier written objections as objections to the assessment schedule. As previously noted, plaintiff's written protest did not object on the ground that there were any errors or irregularities in the proceedings. The matters complained of now were at most mere errors or irregularities which under the statute and ordinance were waived by failure to object. Peoples Inv. Co. v. City of Des Moines, 213 Iowa 1378, 241 N.W. 464, 79 A.L.R. 1310.

The same can be said of the objection that the resolution of July 8 accepting the contractor's bid failed to include a sidewalk in Sunset View Addition. This comes under the heading of errors or irregularities. The sidewalk in that addition was included in the advertisement for bids. When protesting in October, prior to the construction of the sidewalk, plaintiff did not object on the ground its sidewalk was not included in this acceptance resolution. Probably the contractor would be the only one affected if this resolution accepting his bid was defective.

The judgment of the trial court denying plaintiff's appeal is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.